297 So.2d 849 (1974)
Renate HALL et al., Appellants,
v.
Maria RICARDO, a Minor, by and through Her Father and Next Friend, Jose Ricardo and Jose Ricardo, Individually, Appellees.
No. 73-1420.
District Court of Appeal of Florida, Third District.
July 16, 1974.
Rehearing Denied August 13, 1974.
Walton, Lantaff, Schroeder, Carson & Wahl, and David K. Tharp, Miami, for appellants.
Ser & Keyfetz and Alan Goldfarb, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The appellee, Maria Ricardo, sued the appellant Renate Hall, for damages for a bite by a dog owned by Renate Hall. A third person, Harry Haas, was named as a codefendant because he had custody of the dog at the time of the injury. At the conclusion of the plaintiff's case and before any defendants' evidence had been received, defendant Haas moved for a directed verdict upon the theory that a prima facie case had not been made as to that defendant. The trial court heard argument on the motion and not only granted the motion of the defendant, Haas, but at the *850 same time also asked for and received a motion for a directed verdict from the plaintiff. Thereupon, the trial court directed a verdict for the plaintiff against the appellant Hall and proceeded to the question of damages.
Cases for damages for injuries by dogs are unique in the State of Florida in that they are governed by Fla. Stat. § 767, F.S.A., and specifically § 767.04 with regard to dog bites. In the instant case, the trial judge reached the decision that the liability being imposed by Fla. Stat. § 767.04[1] was such that no reasonable defense could be presented on behalf of the defendant Hall. He was led to this conclusion by the fact that the defendant Hall had been called to testify as an adverse witness by the plaintiff.
It is possible that the trial court's conclusion is absolutely correct. Nevertheless, we think that without allowing defendant to give evidence in support of his answer, the trial court is in error. For example, though contributory negligence may not be raised as a defense under the statutes (§ 767.01 and § 767.04, the latter confined by its terms to dog "bites"), assumption of risk and proximate causation may be raised as defenses. Vandercar v. David, Fla.App. 1957, 96 So.2d 227, 66 A.L.R. 2d 912. Also mischievous or careless provocation may be asserted as an affirmative defense if there is sufficient proof to bring the defendant within the exculpatory provisions of the statute. Minisall v. Krysiak, Fla.App. 1970, 242 So.2d 756. As to directed verdicts for the plaintiff, it is our view that they are not allowed until the case is complete, i.e., until the defendant has presented his testimony. See Ahearn v. Florida Power & Light Co., Fla.App. 1959, 113 So.2d 751, reversed at 118 So.2d 21 upon other grounds.
Reversed and remanded for a new trial.
NOTES
[1] "767.04 Liability of owners.  The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; Provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words `Bad Dog.'"