301 So.2d 828 (1974)
Julius SAND and Consolidated Mutual Insurance Company, a Foreign Corporation, Appellants,
v.
Shari Anna GOLD et al., Appellees.
No. 74-664.
District Court of Appeal of Florida, Third District.
October 8, 1974.
Rehearing Denied November 5, 1974.
*829 Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellants.
Horton, Perse & Ginsberg, Fuller, Brumer, Moss, Cohen & Rodgers, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellants appeal a partial summary judgment as to liability in favor of the plaintiffs.
Plaintiff, Shari Gold, and defendant's daughter, Karen, both nine years, were friends. Approximately once a week plaintiff went over to Karen's house to play. Defendant had two German Shepherd dogs which often followed Karen and Shari around and on these occasions never manifested any act of meanness. On one of the occasions when plaintiff went to Karen's house, she was bitten by one of defendant's Shepherd dogs. Thereafter, plaintiff filed suit for damages against the defendant, Julius Sand. Plaintiff in her deposition testified that one of the Shepherd dogs just jumped on her for no apparent reason and started biting her. Defendant's daughter in an affidavit alleged that she was feeding the dogs when plaintiff arrived and said she wanted to feed them too and then went over and took a milk bone out of the dog's dish whereupon the dog bit her. The trial judge awarded partial summary judgment as to liability and defendants effected this interlocutory appeal therefrom.
Defendant-appellants contend there was a question of fact as to how the accident occurred and thus, it was error to find them liable. We disagree.
Subject to the following exception, a dog owner's liability for his dog biting anyone is based upon § 767.04, Fla. Stat., F.S.A.
"Provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damages."
Reviewing the record in the light most favorable to the defendant, Julius Sand, we conclude that the taking of a milk bone out of the dog's dish by the minor plaintiff who wished to feed the dog would not constitute a provocation to except the defendants from liability under the above statute.
Accordingly, the partial summary judgment herein appealed is affirmed.
Affirmed.