358 So.2d 21 (1978)
Jeff DONNER, Petitioner,
v.
ARKWRIGHT-BOSTON MANUFACTURERS MUTUAL INSURANCE COMPANY, a Foreign Corporation Authorized to Do Business in the State of Florida, B.R. Styers and Edward F. Brown, Respondents.
No. 51996.
Supreme Court of Florida.
April 6, 1978.
*22 Edward A. Perse of Horton, Perse & Ginsberg, and Ratiner & Glinn, Miami, for petitioner.
Robert M. Klein, of Stephens, Schwartz, Lynn & Chernay & Brandy, P.A., Miami, for respondents.
SUNDBERG, Justice.
By petition for writ of certiorari, petitioner seeks review of a decision of the District Court of Appeal, Third District, reported at 346 So.2d 1210 (Fla. 3d DCA 1977), which is alleged to be in conflict with our recent opinion in Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). In Blackburn, this Court held that the defense of assumption of risk has become merged with the doctrine of comparative negligence and no longer constitutes a complete bar to a cause of action. We noted that assumption of risk was not a favored defense and that the "potpourri of labels, concepts, definitions, thoughts, and doctrines" which were indiscriminately applied to the doctrine produced an "enigma wrapped in a mystery." In the instant cause, in which petitioner sustained a dog bite injury, the trial judge instructed the jury on the doctrine of assumption of risk over petitioner's objection. The District Court of Appeal, Third District, affirmed per curiam notwithstanding the principles enunciated in Blackburn, of which the district court was made aware prior to rendition of its decision. Accordingly, jurisdiction vests in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
While visiting respondent Edward F. Brown at his home, petitioner sustained an injury when a dog owned by Brown bit him on the mouth. Respondent Arkwright-Boston Manufacturers Mutual Insurance Company was named as a co-defendant by virtue of the homeowners insurance agreement which it had with Brown.
The dog, a 60-pound female Doberman pinscher, had no prior history of vicious propensities but was in heat at the time the injury was inflicted. When petitioner first made a gesture to pet the animal, which was penned up in the kitchen of the Brown home, he was notified of her condition and also told that she was nervous because it was thundering outside. Consequently, he refrained from touching her. Shortly thereafter, petitioner returned to the location of the kitchen, began stroking the dog on the top of the head and scratching her under the chin, whereupon petitioner was bitten on the lip.
Pursuant to Sections 767.01 and 767.04, Florida Statutes (1975),[1] petitioner sought *23 damages from respondents. At his jury trial, petitioner moved for a directed verdict on the liability question at the close of all the evidence, which motion was denied. A charge conference was then held at which point counsel for respondents requested charges on the statutory defenses of mischievous or careless provocation or aggravation as well as assumption of risk defense. Petitioner's counsel objected to the giving of the assumption of risk charge, contending that the defense had been merged with the doctrine of comparative negligence in view of this Court's opinion in Blackburn v. Dorta, supra. However, as previously noted, the trial judge ultimately gave the standard jury charge on assumption of risk as well as the charge on the statutory defenses. The jury returned a verdict in favor of respondents and, in accordance therewith, a final judgment for respondents was entered. After his motion for a retrial was denied, petitioner appealed to the District Court of Appeal, Third District, which affirmed per curiam, without opinion, the final judgment.
Petitioner now asks this Court to quash the decision of the District Court of Appeal, Third District, on the ground that the trial court erroneously instructed the jury on the defense of assumption of risk. He contends that the jury should have been charged exclusively on the language of the statutes, which language in no way articulates the assumption of risk doctrine, but which does create statutory defenses where the injured individual "mischievously or carelessly provokes or aggravates" the dog. While petitioner concedes that the statutory defenses would frequently be applied in much the same fashion as the doctrine of assumed risk, he suggests that to continue permitting trial courts to instruct on the common law doctrine will foster confusion. This is asserted because in Blackburn v. Dorta, supra, the doctrine of assumed risk was merged with that of contributory negligence. The latter doctrine it is argued is not applicable to dog bite cases where the action is not grounded in negligence; rather, the owner of a dog acts as a virtual insurer with regard to injuries caused by his dog. Sand v. Gold, 301 So.2d 828 (Fla. 3d DCA 1974); cert. denied 312 So.2d 752 (Fla. 1975); Vandercar v. David, 96 So.2d 227 (Fla. 3d DCA 1957). We agree with petitioner that the jury should not have been instructed separately on assumption of risk but should have been charged solely on the defenses expressed in Section 767.04.
Prior to legislative enactment, the common law as adopted by Florida had become well settled regarding the liability of dog owners. In Smith v. Pelah, 2 Strange 1264, 93 Eng.Rep. 1171 (1747), the court proposed that it was a wrong to humanity to maintain a dog known to harbor vicious propensities. The gist of the action was the owner's knowledge of the dog's dangerous inclinations. Conversely, an owner who lacked knowledge of the vicious tendencies of his dog escaped liability. Mason v. Keeling, See 1 Ld.Raym. 606, 608, 91 Eng.Rep. 1305, 1307 (1700). However, it was often difficult and sometimes impossible to prove this element of scienter.[2] Accordingly, the Florida Legislature enacted statutes designed to obviate the element of scienter,[3] and make the dog owner the insurer against damage done by his dog. In Carroll *24 v. Moxley, 241 So.2d 681 (Fla. 1970), which prior to the instant cause was this Court's latest exposition on the subject statute,[4] we held that Section 767.04, Florida Statutes, superseded the common law in those situations covered by the statute. In that case, the plaintiff entered a store operated by her mother, the defendant. Defendant owned a German shepherd which she kept inside the store. Beside a counter inside was a gate with signs on it warning "Beware of Dog" and "Keep out." While plaintiff knew that the dog had previously bitten a customer, it had always been friendly to her. However, during this latest visit the dog bit her on the face. Plaintiff brought suit under Section 767.04, Florida Statutes, and also under the common law. The trial judge ruled that Section 767.04 superseded the common law and that liability did not lie under the statute since a "Bad Dog" sign was posted. He then entered summary final judgment in favor of defendant and plaintiff appealed to this Court. We stated:
The contention that Plaintiffs have a cause of action both under Fla. Stat. § 767.04, F.S.A., and the common law is without merit. It has been previously held that the subject statute modified the common law, in that it makes the dog owner the insurer against damage by his dog with certain exceptions, departing from the common law doctrines grounded in negligence. See Romfh v. Berman, 56 So.2d 127 (Fla. 1951); Vandercar v. David, 96 So.2d 227 (Fla.App. 3rd, 1957); Knapp v. Ball, 175 So.2d 808 (Fla.App. 3rd, 1965). It is concluded that Fla. Stat. § 767.04, F.S.A., supersedes the common law, only in those situations covered by the statute. 241 So.2d at 682.
The Court then reversed in part the summary judgment finding that there existed a genuine issue of material fact as to whether the sign was posted in a prominent place. Thus, while we held that plaintiff did not have a cause of action under both the statute and the common law, it was unnecessary to expressly state at that time whether the corollary was also true, i.e., whether the common law defenses such as assumption of risk were superseded by those defenses specifically enunciated in the statute. Today we reach that question and find that these common law defenses were so superseded. Consistent with our reasoning in Moxley, supra, we can only conclude that in making the dog owner the insurer against damage done by his dog, thereby supplanting the common law negligence-type action, the legislature intended to shoulder him with the burden of his animal's acts except in the specific instances articulated in the enactment  where the dog is provoked or aggravated or the victim is specifically warned by a sign. With regard to those statutory defenses, the legislature apparently felt that good morals dictated that if a person kicks, teases, or in some other way provokes the dog into injuring him, he should not be compensated.
We recognize that our decision today appears to overrule a number of opinions issued by the District Courts of Appeal of this State stating that the doctrine of assumed risk is a valid defense under the statute. See Allstate Insurance Co. v. Greenstein, 308 So.2d 561 (Fla. 3d DCA 1975); Hall v. Ricardo, 297 So.2d 849 (Fla. 3d DCA 1974); Issacs v. Powell, 267 So.2d 864 (Fla. 2d DCA 1972); English v. Seachord, 243 So.2d 193 (Fla. 4th DCA 1971); Vandercar v. David, supra. However, a careful reading of those cases will show that the defenses asserted, liberally labelled as assumption of risk, were in reality based upon provocation or aggravation of the animal.[5] It was precisely this indiscriminate and interchangeable use of the term assumption *25 of risk which we condemned in Blackburn v. Dorta, supra, as creating an "enigma wrapped in a mystery."
The decision which seems to have initiated the proposition that assumption of risk constitutes a valid defense under the statute is Vandercar v. David, supra. In that case, appellee/plaintiff was injured from a fall allegedly caused by appellant's dog. As stated by the District Court of Appeal, Third District:
The case went to the jury on the issue of whether the defendant's dog caused the plaintiff's fall. The evidence on that issue included some facts of a kind which could have been relied on to establish assumption of risk by the plaintiff, through inciting and provoking or inducing the dog's playful conduct which caused her to fall. (Emphasis supplied) 96 So.2d at 228.
The court then went on to distinguish Section 767.01 from Section 767.04, noting that the latter by its express wording is concerned with a dog owner's liability for dog bites while the former applies to injuries to a person caused by a dog other than by biting. Appellant argued that Section 767.04 expressly allowing statutory defenses was applicable to an injury caused by an animal other than a dog bite injury. Appellee contended that Section 767.04 applied only to dog bite damage and that if Section 767.04 repealed and superseded Section 767.01 pursuant to this Court's holding in Romfh v. Berman, 56 So.2d 127 (Fla. 1951), it did so only as to dog bite damage leaving Section 767.01 in effect for other injury by dogs. This Court then held that:
We are not required to pass upon the conflicting contentions of the parties as to whether or not the 1949 act has superseded the earlier act for injuries by dogs other than by biting, because even under the latter, Section 767.01, the defense of assumption of risk can be raised.
96 So.2d at 229.
The following language from the California District Court of Appeal, Second District, was then cited, with approval by the District Court of Appeal, Third District, to substantiate its holding:
While the Dog Bite Statute does not found the liability on negligence, good morals and sound reasoning dictate that if a person lawfully upon the portion of another's property where the biting occurred should kick, tease, or otherwise provoke the dog, the law should and would recognize the defense that the injured person by his conduct invited injury and therefore, assumed the risk thereof. (Emphasis supplied)

Smythe v. Schacht, 93 Cal. App.2d 315, 321, 209 P.2d 114, 118 (1949).
Thus, the Vandercar court impliedly concluded that the provocation defense could be equated with the doctrine of assumed risk.
In English v. Seachord, supra, the District Court of Appeal, Fourth District, cited Vandercar, supra, in stating:
Nor may an owner raise contributory negligence as such (emphasis theirs) as a defense to an action for injuries, although assumption of the risk, usually based on provocation or aggravation of the dog, is permissible as a defense. (Emphasis supplied)
243 So.2d at 194.
The court later found:
Plaintiff's conduct, then, may be considered in a dog injury case only insofar as it amounts either to provocation or to proximate causation. (Emphasis supplied)
243 So.2d at 195.[6]
Thus, while these cases were conceptually accurate in finding that the defense to the statutory right of action was predicated upon provocation of the dog, as enunciated in the statute, they incorrectly classified this defense as assumption of risk.
*26 In sum, we find that a dog owner who is brought to trial pursuant to Section 767.04, Florida Statutes (1975), has available to him only the defenses expressed in the statute. To the extent that earlier decisions of the District Courts of Appeal express or imply the existence of a separate defense predicated upon assumption of risk, they are hereby overruled.
Accordingly, the petition for writ of certiorari is granted, the decision of the District Court of Appeal, Third District, is quashed, and this cause is remanded to that court, with instructions to remand to the trial court for further proceedings not inconsistent with the views expressed herein.
It is so ordered.
BOYD, ENGLAND and HATCHETT, JJ., concur.
OVERTON, C.J., dissents.
NOTES
[1] § 767.01, Fla. Stat. (1975), reads as follows:

"Owners responsible.  Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons."
§ 767.04, Fla. Stat. (1975), reads as follows:
"Liability of owners.  The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; Provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog."
[2] See Malafronte v. Miloni, 35 R.I. 225, 86 A. 146, 147 (1913), wherein the court stated:

"One purpose, and possibly the main purpose of this statute was to relieve plaintiffs from the burden of proving knowledge, which was frequently difficult for them to do; their inability in that regard often resulting practically in a denial of justice."
[3] Fla.Rev.Gen.Stat. § 2341 (1892) was included as Sec. 7044 of Compiled General Laws, 1927, and was reenacted in 1941 as § 767.01, Fla. Stat. (1941). § 767.04 was enacted in 1941 as S. 1, Chap. 25109, Laws of Florida (1949).
[4] In Seachord v. English, 259 So.2d 136 (Fla. 1972) (Ervin, J., dissenting), a case dealing with § 767.04, this Court discharged the writ of certiorari as being improvidently granted.
[5] While petitioner concedes that the statutory defenses of "mischievously or carelessly provoking or aggravating the dog" would have to be applied in much the same fashion as the common law doctrine of assumed risk, we note that the statutory and common law defenses are not synonymous. One can knowingly and voluntarily expose himself to the danger of a vicious dog without necessarily provoking or aggravating him maliciously or carelessly.
[6] Other cases, in citing Vandercar, blindly declare in dictum that assumption of risk is a valid defense under the statute. Allstate Insurance Co. v. Greenstein, supra; Hall v. Ricardo, supra. Yet, neither of the cases elucidate what constitutes assumption of risk within the context of § 767.04, Fla. Stat. (1975).