211 So.2d 606 (1968)
Sol BRANDEIS and Lona Brandeis, His Wife, Appellants,
v.
Philip FELCHER and Mary Yasman, Appellees.
No. 67-671.
District Court of Appeal of Florida. Third District.
June 11, 1968.
Rehearing Denied July 3, 1968.
Carey, Dwyer, Austin, Cole & Selwood and Edward A. Perse, Miami, for appellants.
Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for Felcher, appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
This appeal is by the plaintiffs from a summary final judgment for two of the defendants below, Felcher and Yasman. In determining on appeal whether these defendants carried their burden below of conclusively demonstrating the nonexistence of material issue of fact, we consider the record in the light most favorable to the plaintiffs.
Three children were walking in the City of North Miami, Florida, along a sidewalk separated from the defendant Felcher's backyard by a four foot chain link fence, *607 which was parallel to, and right up against, the sidewalk. Felcher was owner of a male, AKC registered, german shepherd dog which he made available for stud service on a referral basis from a local veterinarian. On the date in question, Felcher's dog was loose in the Felcher's backyard for the purpose of stud service to a white female german shepherd owned by the defendant Yasman. As the children were passing, the two dogs suddenly started barking, and charged the fence. Yasman's dog actually put her paws and head over the fence. The children became frightened of an attack and darted away from the fence into the street where an oncoming car struck and fatally injured one of them, the plaintiffs' twelve year old son.
The instant action was then instituted against the dog owners and the driver, among others, for the alleged wrongful death of the plaintiffs' son. The sole question to be determined on this appeal is whether, under Fla. Stat. § 767.01, F.S.A., liability might be imposed upon the owners of the dogs for the boy's death. The driver of the car is not a party to this appeal and the question of liability on his part has not been determined below and is not before us.
Fla. Stat. § 767.01, F.S.A. provides as follows:
"Owners responsible.  Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons."
We begin from the premise that liability for non-bite damages suffered in an attack by a dog is within the contemplation of the statute. Sweet v. Josephson, Fla. 1965, 173 So.2d 444. See also Josephson v. Sweet, Fla.App. 1964, 173 So.2d 463. It has been said that liability imposed by this section is an absolute liability as an insurer and is not contingent upon a showing of the negligence of the owner, or scienter. See Knapp v. Ball, Fla.App. 1965, 175 So.2d 808; Vandercar v. David, Fla. App. 1957, 96 So.2d 227, 66 A.L.R.2d 912; Reid v. Nelson, 154 F.2d 724 (5th Cir.1946).
Liability, if any here, depends upon the question of whether the boy's death is damage "done by" the appellees' dogs, i.e. were the dogs the cause of the damage complained of by the plaintiffs? Causation is generally a question of fact. See Green, Rationale of Proximate Cause 132 (1927); Prosser, Torts, § 41 at 241 (3rd ed. 1964). See also Sardell v. Malanio, Fla. 1967, 202 So.2d 746; Mozer v. Semenza, Fla.App. 1965, 177 So.2d 880. The lower court held as a matter of law, that the dogs were not the cause of the damage. Our problem is to consider whether the dogs' participation in or contribution to the end result was sufficient for a jury to consider the question of liability under Fla. Stat. § 767.01, F.S.A., supra.
Scholars have struggled eternally in their attempts to define the point at which the minimal causal relationship for imposing legal responsibility in tort cases may be said to exist. In the vast majority of cases, where the minimal requirement for causal relationship is not at issue, virtually all formulae for determining causal relationship "work". It is only for the few cases in which the minimum causal relationship for legal responsibility is at issue that serious difficulties arise in selecting the proper formula for minimum contribution, and all criteria have been subjected to criticism.
The "but for" or sine qua non test has been shown to be vulnerable, particularly in cases of plural, concurring or intervening causes. A prima descendit origine mundi causarum series.[1] See e.g. Carpenter, Concurrent Causation, 83 U.Pa.L. Rev. 941, 942 (1935); Prosser, Torts, § 41 at 244 (3rd ed. 1964). Malone, Ruminations *608 on Cause-In-Fact, 9 Stan.L.Rev. 60, 64-68 (1956).
Professor Green argues that the "ruffles and decorations so generously bestowed" upon inquiries of cause: "remote, proximate, direct, immediate, adequate, efficient, operative, inducing, moving, active, real, effective, decisive, supervening, primary, original, contributory, ultimate, concurrent, causa causans, legal, responsible, dominating, natural, probable, and others"  have not simplified the question but have served to make it unduly complex and confusing. Green, Rationale of Proximate Cause 135-6 (1927). Professor Green suggests that the question is, in essence, a simple quantitative one  whether the defendant's conduct was a material, appreciative, or substantial factor in producing the plaintiff's injuries. If so, that is enough to enable the jury to find causation in fact. See Green, Rationale of Proximate Cause, supra, 132-185; Green, The Causal Relation Issue in Negligence Law, 60 Mich. L.Rev. 543 (1962). Prosser, too, favors this test, Prosser, Torts, supra, § 41 at 244, as does Carpenter, supra, Cf. Morris, Proximate Cause in Minnesota, 34 Minn.L. Rev. 185 (1950) in Morris, Studies in Torts 244 (1952). It is a test which has been approved by the Supreme Court in the Fla. Standard Jury Instructions in case of concurrent causation in negligence cases Charge 5.1(b) (c).
Appellees assert that since there was no direct contact between the minor decedent and either of the dogs, that the owners are not liable for any damages resulting from the boy's death. They rely upon Schertz v. I., B. & W. Ry. Co., 107 Ill. 577 (1883), which construed an Illinois statute imposing liability upon railroad corporations "for all damages which may be done by the `agents, engines, or cars' of such corporation to cattle, horses, or other stock."
The Illinois statute was entitled, "An act in relation to fencing and operating railroads." It provided that when the fences required under statute had not been erected as required, or when they were not kept in good repair, the railroad was to be liable for all damages which may be done as stated above. The purpose of this statute, then, was to compel the railroads to properly erect and maintain fences along their tracks, not to make the railroads insurers. The only damages contemplated were those which resulted from a railroad's failure to comply with the statute. Thus, the court held that the statute contemplated only actual collision when the statutory fence was not maintained rather than consequential damage incurred through fright of the animal. It has been held in Florida, however, as noted above, that non-bite damages suffered in an attack by a dog were within the contemplation of Fla. Stat. § 767.01, F.S.A.
Our research has disclosed one case with facts somewhat similar to those of the instant case. Ethridge v. Nicholson, 80 Ga. App. 693, 57 S.E.2d 231 (1950). The plaintiff, minor, alleged that she was riding her bicycle when she was attacked by a large, vicious german police dog owned by the defendant. In her attempt to avoid the dog, she ran over an obstruction in the street, thus suffering her injuries. The dog owner demurred to the action, which was brought on a theory of concurrent negligence and the plaintiff appealed. In reversing, the court stated, inter alia:
* * * * * *
"Applying this law to the instant case we think it is clear from the allegations of the petition that the plaintiff, had she been observing the way in front of her, would not have run into the obstruction placed in the street by the defendant municipality, and that had the defendant Nicholson's dog not run after her and chased her she would have been observing her course and would not have run into or over the obstruction. * * * We cannot say, as a matter of law, that the defendant Nicholson's act in permitting the dog * * * [to run free] *609 was not one of the proximate causes of the plaintiff's injuries. * * *"
Although the plaintiffs proceed in the instant case upon the theory of absolute liability enunciated in Fla. Stat. § 767.01, F.S.A., rather than a theory of negligence, the question with respect to causation is the same.
The courts of Florida have become increasingly liberal in allowing a jury to pass upon questions similar to this. See Sardell v. Malanio, supra, and Moser v. Semenza, supra.
Accordingly, we believe that under this statute, a jury should also be permitted to determine whether, under the specific facts of this case, the damage to the decedent was "done by" the dogs.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] Even from the first beginnings of the world descends a chain of causes. Lucan, De Bello Civili. Bk. vi, 1.611.