243 So.2d 193 (1971)
David R. ENGLISH, Appellant,
v.
Pat SEACHORD, Appellee.
No. 69-758.
District Court of Appeal of Florida, Fourth District.
January 27, 1971.
Larry Klein of Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, for appellant.
Patrick N. Chidnese and Robert M. Montgomery, Jr., of Howell, Kirby, Montgomery & D'Auito, West Palm Beach, for appellee.
McCAIN, DAVID L., Associate Judge.
Plaintiff David R. English brings this appeal from a final judgment of the trial court based on an adverse jury verdict in an action for injuries sustained when plaintiff was attacked by defendant's dog. We reverse.
*194 Briefly stated, the sequence of events leading up to plaintiff's injury was as follows: Plaintiff, himself a dog owner, came out of his house on the morning in question to collect his newspaper, when defendant's dog is alleged to have begun growling at him from defendant's yard. Whether the dog was growling at plaintiff, or at plaintiff's own dog, who was then in the vicinity is in dispute, but the result was that plaintiff became frightened and jumped onto the top of his car for safety. Defendant's dog then came to the edge of the car and put his paws on it, but did not attack the plaintiff. Eventually the dog left without being recalled by its owner. As a result of this escapade, plaintiff reinjured his back, which had given him chronic trouble in the past and which had been operated on a scant three weeks before the accident. A defense of provocation of the dog was withdrawn by defendant at the close of the evidence at trial.
Plaintiff assigns as error the failure of the trial judge to direct a verdict in his favor at the close of the evidence, and additionally complains of the following instruction which was given to the jury:
"The first issue for your determination is whether or not the Defendant's dog did any damage to the Plaintiff and in deciding this issue you may consider whether the actions of the Defendant's dog were of such a nature that a reasonable and prudent person would have acted as the Plaintiff did under the circumstances."
Plaintiff contends that this instruction amounts to an instruction on contributory negligence, and as such is improper as a defense to an action brought under Chapter 767, Florida Statutes, F.S.A.,[1] which prescribes liability for injuries caused by dogs.
The Florida Statute under which the action was brought makes the obligation of the owner of a dog virtually that of an insurer with regard to injuries caused by the dog, whether by biting or otherwise. Carroll v. Moxley et al., Fla. 1970, opinion filed September 16, 1970; Vandercar v. David, Fla.App. 1957, 96 So.2d 227; Knapp v. Ball, Fla.App. 1965, 175 So.2d 808. Liability for non-bite damages suffered in an attack by a dog is within the contemplation of Section 767.01 of the statute, and under that section knowledge of the vicious propensities of the dog is not necessary. Josephson v. Sweet, Fla. App. 1964, 173 So.2d 463, aff'd 173 So.2d 444; and Brandeis v. Felcher, Fla.App. 1968, 211 So.2d 606. Nor may an owner raise contributory negligence as such as a defense to an action for injuries, although assumption of the risk, usually based on provocation or aggravation of the dog, is permissible as a defense. Vandercar v. David, supra; and Knapp v. Ball, supra.
Aside from the directed verdict issue, the question presented for our determination here is whether the instruction assigned as error was, or could reasonably have been construed by a jury to be an instruction permitting contributory negligence as a defense. If so, we must reverse.
Appellee contends and we agree that in giving the instruction the trial judge probably intended to instruct the jury on actual causation, i.e. whether the plaintiff's injuries were caused by the dog. However, even if we follow this interpretation of the instruction, the propriety of allowing the jury to consider the reasonable and prudent nature of the plaintiff's actions under a causation instruction remains at issue.
Florida Standard Jury Instruction 4.3 on contributory negligence, refers the reader to Instruction 4.1 on negligence, which is applicable both to primary and contributory *195 negligence. Instruction 4.1 reads as follows:
"Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances."
Standard Jury Instructions 5.1 and 5.2, on Legal Cause, make no reference to reasonable care as a standard to be used in determining the existence either of actual or proximate cause.
On its face, then, the instruction in question permits the jury to consider the negligence of plaintiff in determining liability, and this is clearly improper in an action brought under Chapter 767, Florida Statutes, F.S.A.
In a dog injury case, it is no defense that a plaintiff acted unreasonably (was contributorily negligent), unless his behavior was so blatant as to supersede the dog's behavior as the legal or proximate cause of plaintiff's injuries. In view of F.S. §§ 767.01 and 767.04, F.S.A. making an owner of a dog virtually an insurer of the dog's conduct, the conduct on the plaintiff's part superseding the behavior of the dog would have to be shown to be more than a mistake on the plaintiff's part as to the intention of the dog to bite or attack him.
Plaintiff's conduct, then, may be considered in a dog injury case only insofar as it amounts either to provocation or to proximate causation. Therefore, no special instruction on reasonable and prudent behavior is either necessary or permissible in addition to the standard jury instruction on legal cause which was given by the trial judge in the instant case.
We cannot, therefore, permit the trial judge's instruction to go uncorrected. Under it, the jury may have found that the dog was both the actual and proximate cause of plaintiff's injuries, and yet have held against plaintiff on the theory that his action in jumping on his car was unreasonable.
We decline, however, to find error in the failure of the trial judge to grant a directed verdict in favor of plaintiff, because disputed issues of fact existed as to both actual and proximate cause which the jury was entitled to consider.
For the foregoing reasons the judgment appealed from is reversed and the cause remanded for a new trial under proper instructions consistent herewith.
Reversed and remanded.
CROSS, C.J., concurs.
ADAMS, ALTO (Retired), Associate Judge, dissents, without opinion.
NOTES
[1] F.S. § 767.01, F.S.A. Owners responsible.  Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons.