259 So.2d 136 (1972)
Pat SEACHORD, Petitioner,
v.
David R. ENGLISH, Respondent.
No. 40841.
Supreme Court of Florida.
February 16, 1972.
Thomas A. Hoadley, West Palm Beach, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Jacksonville, for petitioner.
Larry Klein of Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for respondent.
PER CURIAM.
The petition for writ of certiorari reflected probable conflict jurisdiction in this Court to review the decision of the District Court of Appeal, Fourth District, 243 So.2d 193 (1971). We issued the writ and have heard argument of the parties. Upon further consideration of the matter, we have determined that there is no conflict and that the scholarly opinion by then District Court of Appeal Judge David L. McCain is eminently correct in enunciating the law.
There is no conflict and, therefore, no jurisdiction in this Court. The writ must accordingly be and is hereby discharged and the petition for writ of certiorari is dismissed.
It is so ordered.
ROBERTS, C.J., BOYD and DEKLE, JJ., and SACK, Circuit Judge, concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
By petition for writ of certiorari we are asked to review the decision of the District Court of Appeal, Fourth District, in English v. Seachord, Fla.App. 1971, 243 So.2d 193. I think we have jurisdiction under *137 Article V, Section 4(2), Florida Constitution, because that decision conflicts with principles of law announced in Vandercar v. David, Fla.App. 1957, 96 So.2d 227.
The facts in this case are as follows: The plaintiff-respondent went outside his home one morning and apparently became frightened when he heard the defendant-petitioner's dog growl. It is not clear whether the dog was growling at the plaintiff or the plaintiff's dog. The plaintiff jumped on top of his car, and he injured his back which had been operated on three weeks earlier. He brought an action under F.S. Section 767.01, F.S.A.[1] to recover damages for his injury from the defendant.
At trial, the judge instructed the jury that:
"The first issue for your determination is whether or not the Defendant's dog did any damage to the Plaintiff and in deciding this issue you may consider whether the actions of the Defendant's dog were of such a nature that a reasonable and prudent person would have acted as the Plaintiff did under the circumstances.

"The dog's actions are a legal cause of the damage to the Plaintiff if such damages or actions directly and in natural and continuing sequence produced or contributed substantially to produce such damages so that it can reasonably be said that but for the dog's actions, the damages would not have occurred.
"If the greater weight of the evidence does not support the Plaintiff's claim that damage was done to him by the Defendant [sic] dog, then your verdict should be for the Defendant... ." (Emphasis added.)
The jury found for the defendant.
The District Court of Appeal, Fourth District, reversed and remanded for new trial. That court held the emphasized portion of the jury instruction quoted above should not have been given because it permitted "the jury to consider the negligence of the plaintiff in determining liability, and this is clearly improper in an action brought under Chapter 767, Florida Statutes."
I disagree. Florida courts previously have held assumption of risk which is closely aligned with contributory negligence is a proper defense to an action brought under F.S. Section 767.01, F.S.A. Knapp v. Ball, Fla.App. 1965, 175 So.2d 808. In Vandercar v. David, supra, the District Court of Appeal, Third District, clearly denotes legal principles directly conflicting with the majority view here, indicating the defense of contributory negligence may be considered by a jury under circumstances similar to those in this case. See text therein, 96 So.2d on page 230, where the District Court cites Smythe v. Schacht, 93 Cal. App.2d 315, 209 P.2d 114, 117, which quotes from Vol. 3 C.J.S. Animals § 150, pages 1254 and 1255.
The District Court erroneously misapplied Carroll v. Moxley, Fla., 241 So.2d 681, in support of its position negating contributory negligence. That case involved a dog bite and construed F.S. Section 767.04, F.S.A., and not F.S. Section 767.01, F.S.A. It did not purport to construe F.S. Section 767.01, F.S.A. or rule out the defense of contributory negligence thereunder.
The majority of decisions in this country hold that defendants can raise the defense of contributory negligence in dog injury actions based upon statutory liability. Annot., 1959, 66 A.L.R.2d 916. I feel this is the better rule. Accordingly, if a jury believes from the weight of the evidence in *138 a dog injury case the plaintiff's injury was the proximate result of his own negligence, the injury and damage ought not to be charged to the dog's owner. The statute does not otherwise provide.
Section 767.01 does not state that it is imposing absolute liability upon dog owners, and I do not believe the Legislature intended such a construction. That the statute was enacted to abolish the common law requirements of scienter and a showing of negligence on the part of the dog owner is well settled. Romfh v. Berman, Fla. 1951, 56 So.2d 127; Brandeis v. Flecher, Fla.App. 1968, 211 So.2d 606. However, the view that the Legislature also intended to do away with the common law defense of contributory negligence, is not manifested in the statute or settled in this jurisdiction.
Common law rules will prevail in the absence of an express, unequivocal statutory mandate to the contrary. Bryan v. Landis, 1932, 106 Fla. 19, 142 So. 650. The mandate of absolute liability is not present in F.S. Section 767.01, F.S.A. Therefore, I believe that contributory negligence may be raised as a defense in an action brought under that section.
This Court has heretofore been extremely reluctant to uphold the constitutionality of statutes which provide unequal treatment among defendants in the matter of common law defenses. Compare Georgia Southern & Florida Ry. Co. v. Seven-Up Bottling Co., Fla. 1965, 175 So.2d 39. However, here, we appear to give the statute a discriminatory interpretation with no language in the statute to justify it. I think we have now judicially amended and unjustifiably extended the statute by imposing absolute liability on dog owners in all cases where dogs are involved  even in very remote situations  including non-dog bite ones.
NOTES
[1] "767.01 Owners responsible.  Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons."