308 So.2d 561 (1975)
ALLSTATE INSURANCE COMPANY et al., Appellants.
v.
Melvin GREENSTEIN, Appellee.
Nos. 74-162, 74-163.
District Court of Appeal of Florida, Third District.
February 25, 1975.
Rehearing Denied March 19, 1975.
*562 Horton, Perse & Ginsberg, Petersen, McGowan & Feder, Miami, for appellants.
Fromberg, Fromberg & Roth and Jeffrey Michael Cohen, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellee, Melvin Greenstein, received a favorable jury verdict awarding damages in the amount of $64,862 against the appellants.
The verdict followed a directed verdict by the court on the issue of liability also in favor of the appellee.
Greenstein filed a complaint against the appellants John and Pat Tomasetti and their insurer, Allstate Insurance Company. He alleged in count two of the complaint (upon which the court directed a verdict) that a great dane dog, named "Pandora" and owned by the Tomasettis, ran into the street in the vicinity of S.W. 105th Street and 60th Street and struck Greenstein's car, causing him to lose control and collide with a power pole.
At trial, Greenstein testified that he was proceeding in a westerly direction on 60th Street when "Pandora" ran into the street, and he swerved to avoid hitting the animal, causing the accident.
Mrs. Tomasetti through her deposition read at trial by Greenstein's attorney and through live testimony stated that at the time the accident occurred, she, her husband and her son, Dane, were out searching in the neighborhood for "Pandora" who had escaped from their front yard where he had been chained.
Mrs. Tomasetti witnessed the accident. She testified that she had just pulled her own car off to the north side of 60th Street when she observed Greenstein's vehicle approaching "very fast" from the rear. Although at the time of the accident (approximately 7:15 P.M.) it was almost dark, Mrs. Tomasetti estimated Greenstein's car to be traveling at 60 miles per hour.
Greenstein testified to the contrary, estimating his speed just prior to the accident at 30 miles per hour.
In directing a verdict for Greenstein, the trial court concluded that under Fla. Stat. § 767.01, F.S.A. and cases interpreting the statute, the Tomasettis, as owners of "Pandora", were strictly liable for damages done by the dog.
In addition, the court necessarily concluded that the rate of speed of Greenstein's car was not the sole proximate cause of the accident.
On appeal, the appellants argue first that it was error for the court to direct a verdict because the statute did not apply, and because a jury might conclude that Greenstein was the sole proximate cause of the accident.
*563 Secondly, the appellants argue the court erred in not applying the doctrine of comparative negligence enunciated by the Florida Supreme Court in Hoffman v. Jones, Fla. 1973, 280 So.2d 431, to both the liability and damage aspects of this case.
For reasons to follow, we hold that no reversible error was committed, and the judgment accordingly is affirmed.
We see little difficulty in upholding the trial court's conclusion that Section 767.01 applies to this case. Appellants' reliance on Rutland v. Biel, Fla.App. 1973, 277 So.2d 807, is not justified in the case at bar.
In that decision, the Second District Court of Appeal held that 767.01 is inapplicable where the dog takes no affirmative or aggressive action toward the injured person. While we might agree with the court on the facts involved in the Rutland case, we think it is apparent here that "Pandora" did take some affirmative action resulting in Greenstein's injuries.
Next, we turn our attention to the appellants' contention that the jury might have concluded Greenstein was the sole proximate cause of the accident.
In considering this point, it is essential to keep in mind the principles of law which we think the trial court properly applied, and also to discuss together the appellants' contention that comparative negligence should have been considered by the jury.
Under the statutory liability created by Section 767.01, the owner of a dog is cast virtually in the role of an insurer, and he is strictly liable for damage done to persons by his dog. English v. Seachord, Fla.App. 1971, 243 So.2d 193, aff'd., Fla. 1972, 259 So.2d 136; Auerbach v. Alto, Fla.App. 1973, 281 So.2d 567; Brandeis v. Felcher, Fla.App. 1968, 211 So.2d 606; Knapp v. Ball, Fla.App. 1965, 175 So.2d 808.
The defense of contributory negligence, before the Supreme Court supplanted it with the doctrine of comparative negligence in Hoffman v. Jones, supra, was not available in actions brought under the statute, English v. Seachord, supra; Knapp v. Ball, supra; see also, Vandercar v. David, Fla.App. 1957, 96 So.2d 227, 66 A.L.R. 2d 912. However, the defense of assumption of the risk and proximate causation are valid defenses under the statute.
Therefore, we think the court was correct in concluding that the evidence introduced at trial could not support a finding by the jury that the plaintiff, Greenstein, was the sole proximate cause of the accident.
Accordingly, for the reasons stated hereinabove, the judgment appealed is affirmed.
Affirmed.