332 So.2d 631 (1976)
Malcolm K. SMITH and State Farm Fire and Casualty Company, Appellants,
v.
Leo J. ALLISON, Appellee.
No. 75-703.
District Court of Appeal of Florida, Third District.
April 13, 1976.
On Rehearing May 26, 1976.
*633 Walton, Lantaff, Schroeder, Carson & Wahl and Wayne T. Gill, Miami, for appellants.
Horton, Perse & Ginsberg, Brumer, Moss, Cohen & Rodgers, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.) Associate Judge.
PEARSON, Judge.
Defendants Malcolm Smith and State Farm Fire and Casualty Company appeal an $18,000 judgment entered against them upon a jury verdict in an action seeking recovery under Fla. Stat. Chapter 767 for damages suffered by plaintiff Leo Allison, who lost control of his motorcycle when defendant Smith's dog ran into his path of travel on the roadway.
The principal point on appeal urges error upon the trial court's denial of defendants' motions for a directed verdict at the end of all the evidence. The plaintiff relies for affirmance on several cases interpreting Fla. Stat. § 767.01, the "Damage [Done] by Dogs" statute, which hold that a dogowner has an absolute liability for damage done by his dog. See Allstate Insurance Company v. Greenstein, Fla.App. 1975, 308 So.2d 561. See also Romfh v. Berman, Fla. 1951, 56 So.2d 127; Vandercar v. David, Fla.App. 1957, 96 So.2d 227, 66 A.L.R.2d 912; Knapp v. Ball, Fla.App. 1965, 175 So.2d 808; Brandeis v. Felcher, Fla. App. 1968, 211 So.2d 606; English v. Seachord, Fla.App. 1971, 243 So.2d 193, cert. dis., Fla. 1972, 259 So.2d 136; Rutland v. Biel, Fla.App. 1973, 277 So.2d 807. The statute so construed makes the obligations and duties of dogowners virtually those of insurers with regard to injuries caused by dogs, whether by biting or otherwise.
There is no doubt that these cases authorize the imposition of the statutory liability on a dogowner in cases where the damage done by the dog, although not as a result of an attack, is the direct cause of injury. It can reasonably be argued, as plaintiff-appellee does argue here, that reasoning by analogy the courts have interpreted Fla. Stat. § 767.01 to impose an absolute liability in every case where the actions of the dog are a factor in plaintiff's ultimate injury. Nevertheless, there must be a limit to the rule of absolute liability. We hold that liability in the instant case transcends that limit.
The facts of this case viewed in the light of the jury's finding are that the defendant has the custody of a small dog owned by his parents which escaped in some unknown manner from a fenced-in yard.
The plaintiff, when he was some distance away, observed the dog in the middle of the road. He testified that there was a car coming toward him, and upon his getting up to and through the intersection, "[a]ll of a sudden, [the dog] turned in front of me to run over to the other side. * * * [I moved] to the right. * * It was a sharp swing to the right. I guess I turned a little bit too far in avoiding him and I crashed."
The Florida "Damage [Done] by Dogs" statutes is Chapter 767. Section 767.01 thereunder, concerning "Owners responsible," provides that "[o]wners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons." This statute, passed in 1901, obviously has as its intent the protection of an agrarian society. This court has recently approved the application of the statute to a case where the dog ran into a car, thereby causing an accident. See Allstate Ins. Co. v. Greenstein, Fla.App. 1975, 308 So.2d 561. We view the application of the statute in the present case as improper in that the words "damage done by their dogs to sheep or other domestic animals *634 or livestock, or to persons" does not include cases where the dog does not itself inflict any damage. Where, as in the present case, the damage results from some physical agency set into motion by a chain of events which may have been triggered by the presence of the dog, absolute liability should not be imposed. The occasional presence on the streets of an unattended dog is a danger to be reasonably anticipated by any motorist. It is entirely possible that a holding that a dog on the street subjects the owner to absolute liability for any action of a motorist in seeking to avoid the dog would stimulate a great deal of litigation in the future.
In Rutland v. Biel, Fla.App. 1973, 277 So.2d 807, the Court of Appeal, Second District, in reversing a partial summary judgment on the issue of liability in favor of the plaintiff, held:
"Appellant next contends, and we so hold, that F.S. § 767.01 F.S.A. is not applicable to a situation where the dog takes no affirmative or aggressive action toward the injured party. In all the cases we have reviewed under this statute, the dog has acted aggressively."
The Supreme Court of Florida in Seachord v. English, Fla. 1972, 259 So.2d 136, approved the opinion of the District Court of Appeal, Fourth District, reported at 243 So.2d 193. The District Court opinion (243 So.2d 193, 195) contains the following language:
"In a dog injury case, it is no defense that a plaintiff acted unreasonably (was contributorily negligent), unless his behavior was so blatant as to supersede the dog's behavior as the legal or proximate cause of plaintiff's injuries. In view of F.S. §§ 767.01 and 767.04, F.S.A. making an owner of a dog virtually an in-insurer of the dog's conduct, the conduct on the plaintiff's part superseding the behavior of the dog would have to be shown to be more than a mistake on the plaintiff's part as to the intention of the dog to bite or attack him." [Emphasis added]
Accordingly, we hold that the absolute liability imposed by Fla. Stat. § 767.01 is inapplicable to the facts of this case and, therefore, we reverse the judgment appealed.
Additionally, we wish to point out that the element of "ownership" in the cited statute is of immense importance in an action such as this one. Because of the severe, potential consequences inherent in the statute, there is a clear burden on a plaintiff to show the defendant's actual ownership of the dog in question, and not merely to show possession or custody. See Reid v. Nelson, 154 F.2d 724 (5th Cir.1946), cert. den. 329 U.S. 716, 67 S.Ct. 47, 91 L.Ed. 621 (1946). From the record in the present case, we cannot say that the plaintiff has met his burden on this point.
Reversed.

ON REHEARING
PER CURIAM.
Appellee's petition for rehearing urges that the judgment of the trial court should have been affirmed because the cause was submitted to the jury as a negligence case attendant upon violation of Section 5-6, Metropolitan Dade County Ordinance, which provides in pertinent part:
* * * * * *
"(a) No person owning or having possession, charge, custody or control of any dog shall cause or permit or allow the dog to stray, run, be, go or in any other manner to be at large in or upon any public street, sidewalk or park or on private property of others without the express or implied consent of the owner of such private property. This section shall not apply to any dog or dogs when the dog is actually engaged in the sport *635 of hunting in authorized areas and supervised by a competent person."
* * * * * *
We have granted the petition and have heard argument thereon. We adhere to our original opinion filed in this case and add thereto the following comments.
Appellant's single point urged that the evidence was insufficient to sustain the verdict and judgment. Appellee, in his brief and upon oral argument, urged (1) the presumption of the correctness of the judgment, and urged (2) that motions for directed verdicts are not to be granted where there is conflict upon a material fact, (3) that the Florida "Damage [Done] by Dogs" statute (Fla. Stat. § 767.01) has been held to make dog owners virtually insurers with regard to injuries caused by a dog, and (4) that, assuming arguendo, Smith was not the owner of the dog, then the question of his negligence was a question for the jury.
Addressing ourselves to (4) above, the record before us shows only that Smith had custody of the dog, that the dog was regularly kept inside a fenced yard and that it somehow escaped on this occasion. The fact that the dog was upon the roadway does not justify an inference that Smith was negligent in causing, permitting, or allowing it to do so. The Dade County ordinance does not provide for absolute liability whenever a dog is on a roadway. The ordinance prescribes for liability only when a person permits the dog to run at large.
We adhere to our holding that this record does not support a finding of liability under the statute or upon the claim of negligence. Cf. Santanello v. Cooper, 106 Ariz. 262, 475 P.2d 246, 41 A.L.R.2d 881 (1970); and see the discussions at 41 A.L.R.3d 888 (1972) and at 59 A.L.R.2d 1328, 1343 (1958).
Affirmed.