373 So.2d 948 (1979)
Leslie E. RATTET, Appellant,
v.
DUAL SECURITY SYSTEMS, INC., Appellee.
No. 78-2249.
District Court of Appeal of Florida, Third District.
August 7, 1979.
*949 Herskowitz & Grossman and Michael S. Grossman, Miami, for appellant.
Underwood, Gillis, Karcher, Reinert & Valle and Michael Lax, Miami, for appellee.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
HAVERFIELD, Chief Judge.
Plaintiff, Leslie Rattet, appeals a final summary judgment in favor of Dual Security Systems in an action to recover damages for personal injuries incurred when Rattet leaped over a fence in making good his escape from two guard dogs.
Rattet is an employee of Sun Chevrolet Company which stores its automobiles and other equipment in a large fenced-in area. Defendant, Dual Security Systems, Inc., supplies Sun Chevrolet with guard dogs and every evening places two trained attack dogs in a cage located within this fenced area. On occasion it is Rattet's responsibility to unlatch the cage to let the dogs run loose. This task was accomplished by entering the area, removing the latch, exiting, and then reaching through the fence and pulling a rope which opens the cage door. On the day of the incident in question, Rattet was instructed to unlatch the cage and let the dogs loose. Upon passing *950 through the gate and approaching the cage, he noticed that the dogs were not there. Suddenly the dogs charged Rattet who immediately leaped to the top of the cage and then to the nearby fence. He jumped down from the top of the fence and suffered physical injuries as a result. Rattet filed the present lawsuit for damages against Dual Security Systems and alleged liability pursuant to Section 767.01 and 767.04, Florida Statutes (1975) and common law negligence.[1] Dual Security Systems answered and primarily defended on the ground that there were sufficient "bad dog" warning signs visibly posted at various intervals along the fence. At their respective depositions Rattet and a fellow employee who accompanied him to the fenced-in area testified that they did not recall seeing these "bad dog" signs on the day in question. Dual Security Systems moved for final summary judgment based upon the defense of displaying these "bad dog" warning signs. In support of the motion, Dual Security Systems introduced the affidavits of its employee, James Spell, who delivers the dogs every evening to Sun Chevrolet and its president, Jerry Harbin. Both affiants stated that signs two feet square with large letters stating "warning bad dog" were placed all along the fence at approximately 25 yard intervals and were in place on the date of the incident. The trial judge entered a summary final judgment based on extensive findings in favor of Dual Security Systems. We affirm.
With regard to Rattet's attempt to impose liability pursuant to Section 767.04, Florida Statutes (1975), set forth below, the injury must have been the result of a bite.
.....
"767.04 Liability of owners.  The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; Provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog."
.....
Rattet's injuries having been sustained as a result of jumping from the fence, the trial judge was correct in determining that liability, if any, may only be imposed under Section 767.01, Florida Statutes (1975).[2]
We now consider the propriety of the entry of the summary judgment for Dual Security Systems under Section 767.01, Florida Statutes (1975), based upon the defense of posting the "bad dog" signs.
Hereunder we are called upon to determine whether the defenses under Section 767.04 are also available to a dog owner who is sued pursuant to Section 767.01. Rattet argues these defenses are not available.
Under the statutory liability created by Section 767.01 and 767.04, the owner of a dog is cast in the role of an insurer and he *951 is liable for damages caused by his dog. Allstate Insurance Company v. Greenstein, 308 So.2d 561 (Fla. 3d DCA 1975); Mapoles v. Mapoles, 350 So.2d 1137 (Fla. 1st DCA 1977). Since the statutory liability of a dog owner is not based upon negligence, contributory negligence is not a defense available to an owner.[3]Allstate Insurance Company v. Greenstein, 308 So.2d 561, 563 (Fla. 3d DCA 1975), supra, and 2 Fla.Jur.2d Animals § 37 (1977). The defenses of assumption of the risk and proximate causation in the past were valid defenses under Section 767.01. See Vandercar v. David, 96 So.2d 227 (Fla. 3d DCA 1957); English v. Seachord, 243 So.2d 193 (Fla. 4th DCA 1971); Isaacs v. Powell, 267 So.2d 864 (Fla. 2d DCA 1972); and Allstate, supra. However, our Supreme Court in Donner v. Arkwright-Boston Manufacturers Mut., 358 So.2d 21 (Fla. 1978) clearly held that assumption of the risk is not a defense available to a dog owner who is brought to trial pursuant to Section 767.04 and has available to him only those defenses expressed in the statute. The court did not, however, determine the availability of these defenses to a dog owner for injuries caused to a person other than a dog bite.
Sections 767.01 and 767.04 having made an owner the insurer against damage done by his dog, we conclude that these statutory defenses are also available to the owner of a dog brought to trial under Section 767.01. Holding to the contrary would bring about the absurd results of (1) having proximate causation being the only defense available under Section 767.01,[4] and (2) permitting a plaintiff to recover damages under Section 767.01 despite the fact that he or she provoked the dog or "bad dog" signs had been properly posted. Such a contrary holding, therefore, would violate the well established principle that statutes must not be construed so as to produce unreasonable or ridiculous consequences. See 30 Fla.Jur. Statutes § 122 (1974) and cases cited therein.
Rattet secondly argues that this defense is not available to Dual Security Systems because the "bad dog" signs must be on the dog owner's property and here they were posted on Sun Chevrolet's property. We conclude that the trial judge properly disposed of this argument in the judgment as follows:
.....
"7. In regard to the question of whether the defense relating to `bad dog' signs is available only on the property of the dog owner. A careful reading of the entire section also seems to dictate the conclusion that it was the intent of the Legislature that while the injured party was to be relieved from the responsibility of proving scienter, that the dog owner, although an insurer, would still have available to him the defenses that he had met the standard of care required by the Legislative enactment  signs or provocation. The first sentence of § 767.04 does not talk about injury on the premises of the dog owner but talks about injury `. .. while such person is on or in a public place or lawfully on or in a private place, including the property of the owner ...' It seems clear that so long as the dog owner post the legally sufficient signs `while such person is on or in a public place or lawfully on or in a private place' where the dog owner's dog is located, that the dog owner has met the statutory burden placed upon him for the protection of the public."
.....
Finally, Rattet contends there is a genuine issue of fact as to whether or not the "bad dog" warning signs were posted on the day of the incident which would preclude summary judgment.
Reviewing the evidence in a manner most favorable to Rattet, we find that his deposition testimony and that of his co-worker who accompanied him to the subject area *952 are to the effect that they did not notice the warning signs on the date of the incident, not that the signs were not there. On the other hand, the affidavits filed by Dual Security Systems clearly state that the signs were there and had been there for a substantial period of time. Rattet's and his fellow employee's negative testimony is not sufficient to create a material issue of fact for submission to a jury. See Seaboard Air Line Railway Company v. Myrick, 91 Fla. 918, 109 So. 193 (1926).
Affirmed.
NOTES
[1] Rattet filed a belated motion to amend his complaint by adding a third count alleging negligence for failure to lock the cage. However, this motion to amend was never ruled upon and Rattet has failed to properly preserve this issue for appellate review.
[2] Owners responsible. Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons."
[3] The liability not being grounded on negligence, it follows then the doctrine of comparative negligence is also inapplicable.
[4] See Smith v. Allison, 332 So.2d 631 (Fla. 3d DCA 1976).