463 So.2d 1153 (1985)
Donald Roy JONES, Petitioner,
v.
UTICA MUTUAL INSURANCE COMPANY, Respondent.
No. 61681.
Supreme Court of Florida.
March 7, 1985.
*1154 Joel D. Eaton and Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, and Wagner, Cunningham, Vaughan & McLaughlin, P.A., Tampa, for petitioner.
*1155 Timon V. Sullivan of Shackleford, Farrior, Stallings & Evans, Tampa, for respondent.
ADKINS, Justice.
This is a petition to review Utica Mutual Insurance Co. v. Jones, 408 So.2d 769 (Fla. 2d DCA 1982), which we find expressly conflicts with Mapoles v. Mapoles, 350 So.2d 1137 (Fla. 1st DCA 1977), cert. denied, 364 So.2d 888 (Fla. 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The issue concerns the applicability of section 767.01, Florida Statutes (1979), which provides that dog owners shall be strictly liable for any damage done by their dogs. The district court held the statute did not apply under the circumstances of this case. We disagree.
Petitioner, Donnie Jones, a twelve-year-old boy, brought this civil action against Roy Davis, the respondent's insured, seeking damages for injuries sustained when he was struck by a wagon being pulled by Davis' dog. The accident occurred after Donnie and two other children, one of them Davis' son, had been playing with the dog which they had tied to a small wagon. Davis' dog spotted another dog and ran after it. As the dog ran past Donnie, the wagon struck him causing a permanent injury to his leg.
The suit filed by petitioner was predicated on section 767.01, which provides: "Owners of dogs shall be liable for any damage done by their dogs to persons." The trial court directed a verdict in favor of petitioner on the issue of liability, finding Davis to be strictly liable for petitioner's injury under the statute. In reversing and holding that section 767.01 did not apply under the facts of this case, the district court noted the well-established rule that "[s]trict liability has been confined to consequences which lie within the extraordinary risk whose existence calls for such special responsibility." 408 So.2d at 771 (quoting Prosser, Law of Torts, 518 (4th ed. 1971)). The court then determined that, based upon a review of the statute's history, the legislature intended to impose strict liability upon a dog owner only for those risks created by the act of ownership. The court expressly held that "[s]tatutory liability pursuant to section 767.01 should be imposed upon the dog owner only where the damage done by the dog is the direct cause of the injury." Id. (citing Smith v. Allison, 332 So.2d 631 (Fla. 3d DCA 1976)). In deciding whether a dog directly caused an injury, the district court articulated a test under which a court must determine "whether the injury was caused by some canine characteristic within the contemplation of the statute." Id.
Applying this test to the facts in this case, the district court found that although the dog exhibited canine characteristics within the contemplation of the statute when it chased the other dog, the act of chasing was not the direct cause of Donnie's injury. Using a "but for" test, the district court found that had the wagon not been tied to Davis' dog, no injury would have been inflicted because the dog did not come in contact with Donnie. Nor was the dog found to have taken any affirmative or aggressive action toward Donnie. Id. at 772 (citing Rutland v. Biel, 277 So.2d 807, 809 (Fla. 2d DCA 1973), and Smith v. Allison). The district court concluded that Donnie's injury was not the result of the risk created by dog ownership, and held that section 767.01 did not apply to create strict owner liability.
The district court acknowledged that its decision conflicts with Mapoles v. Mapoles, 350 So.2d 1137 (Fla. 1st DCA 1977), cert. denied, 364 So.2d 888 (Fla. 1978), and without any additional reasoning or analysis, adopted Judge Smith's dissent in Mapoles because "the Mapoles decision extends the liability under section 767.01 far beyond that contemplated by the legislature ..." 408 So.2d at 772. In Mapoles, a St. Bernard dog was placed on the rear seat of a Volkswagon next to a loaded shotgun. The dog's movements in the car caused the gun to discharge and injure someone outside the car. The Mapoles court noted that section 767.01 "virtually makes an owner the insurer of the dog's conduct" and *1156 found the owner to be liable because the injury resulted from the affirmative act of the dog. 350 So.2d at 1138. In dissent, Judge Smith argued that it was only the animal's "passive movement" which discharged the shotgun  not any characteristic which might be considered actively canine. Id. at 1139.
Such a view counsels a clear departure from the traditional standard of proximate causation. Clearly the injury in Mapoles would not have occurred "but for" the animal's conduct which substantially contributed to the injury in an unbroken chain of events. It simply cannot be said that the explosion of the shotgun was such an overwhelming cause of the injury as to break the chain of causation and relieve the animal's owner of responsibility. If this animal had not been present, the shotgun in all probability would have remained dormant in the back seat of the automobile, a danger to no one. Likewise, it is not enough to conclude, as the district court did here, that the dog was not the proximate cause of the injury because the injury would not have occurred "but for" the wagon.
In the ordinary negligence context, a defendant is liable for injury produced or substantially produced in a natural and continuous sequence by his conduct, such that "but for" such conduct, the injury would not have occurred. Such liability is not escaped in the recognition that the injury would not have occurred "but for" the concurrence or intervention of some other cause as well. The defendant is liable when his act of negligence combines with some other concurring or intervening cause in the sense that, "but for" the other cause as well, injury would not have occurred. See Bessett v. Hackett, 66 So.2d 694, 701, 753 (Fla. 1953); Tampa Electric Co. v. Jones, 138 Fla. 746, 190 So. 26, 27 (1939). There is no question that the injury in this case would not have occurred "but for" the animal and that the animal's behavior substantially contributed to the injury in a natural and continuous sequence of events. The standards of causation applicable in the case of ordinary negligence were amply satisfied in this case.
It is that difficulty  the difficulty of fashioning a workable and administrable alternative to the traditional notion of proximate causation  which compels approval of the holding in Mapoles and which compels our disapproval of the conclusions of the district court in this case. It is not enough to dismiss a case based on the observation that the injury was not caused by some canine characteristic within the contemplation of the statute. How is one to determine whether or not an animal's behavior is sufficiently active, or canine, or dispositive of the outcome, so as to render the owner liable for its conduct? When does a dog exercise canine characteristics? There is simply no way to define or administer such a standard and the parties would be at a loss to evaluate when a dog can be found not to have acted like a dog. Is it meaningful to conclude the dog in this case was exhibiting canine characteristics when it chased another dog but acting less like a dog because it was tied to a wagon? We think not. The trial of a suit for damages should never degenerate to a battle of experts giving opinions as to whether a dog exercised canine characteristics or human characteristics.
Section 767.01 is a strict liability statute which has consistently been construed to virtually make an owner the insurer of the dog's conduct. Donner v. Arkwright-Boston Manufacturers Mutual Insurance Co., 358 So.2d 21, 23 (Fla. 1978). The cardinal rule of statutory construction is that plain and unambiguous language in a statute needs no construction and creates the obvious duty to enforce the law according to its terms. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, 694-5 (1918). The Mapoles court stated: "If the statute means what it says, the syllogism is clear: [Defendant] was the owner of the dog; damage was caused to a person by the dog; and thus the owner of the dog is liable for the damage done." 350 So.2d at 1138 (footnote omitted). We reject the view that the legislature intended strict liability for dog *1157 owners in every instance where the actions of a dog are a factor in an injury. Clearly the rules of ordinary causation should apply. Thus, an affirmative or aggressive act by the dog is required. This "affirmative act" requirement is a reasonable safeguard insofar as it forbids the imposition of liability in cases in which the animal is merely a passive instrumentality in a chain of events leading to injury. Even a strict liability statute should not reach that far. This interpretation is consistent with the general notion of proximate causation, since other factors would constitute superceding or overwhelming causes when the dog is merely passive or retreating.
Thus, it also cannot be said that liability is only appropriate when the animal actually touches the plaintiff, for animals and people can cause injuries in a variety of ways without actually touching the injured party. Nor is there room in this strict liability statute for the avoidance of liability on the ground that the plaintiff or the owner or some third party also contributed to the injury. The implications of attempting to administer any of these alternative standards to this case in an attempt to distinguish this case on any of those bases would quickly become mired in metaphysics.
Our reasoning is in line with a number of previous cases decided under section 767.01. In English v. Seachord, 243 So.2d 193 (Fla. 4th DCA 1971), cert. dismissed, 259 So.2d 136 (Fla. 1972), plaintiff was frightened by a growling dog. He jumped on top of a car and injured his back. Clearly the injury would not have occurred "but for" the car and, as in this case, there was no contact whatever between the animal and the plaintiff. A verdict for the plaintiff was sustained and in dismissing certiorari, this Court expressly approved of that holding.
In Brandeis v. Felcher, 211 So.2d 606 (Fla. 3d DCA), cert. denied, 219 So.2d 706 (Fla. 1968), the plaintiff, frightened by two dogs barking at him behind a fence, ran into the street and was run over by an automobile. The injury would not have occurred "but for" the car, and again there was no contact between the animal and the plaintiff. A verdict for the plaintiff was sustained.
The court in Allstate Insurance Co. v. Greenstein, 308 So.2d 561 (Fla. 3d DCA 1975), upheld a summary judgment for the plaintiff on the question of liability where plaintiff had swerved his car to avoid a dog which had run into the street and was injured in a subsequent crash after avoiding any contact with the dog. Again, the injury would not have occurred "but for" the automobile and there was no contact between the animal and the plaintiff. Nevertheless, because the injury also would not have occurred "but for" the animal, summary judgment for the plaintiff was upheld.
In this case the dog was acting in an affirmative and an aggressive manner, not docile or passive. That affirmative behavior brought the dog into direct contact with the petitioner in a manner which caused injury to petitioner's leg. Thus, we find the respondent's insured, Davis, as owner of the dog, to be liable to the petitioner under section 767.01.
Another point for our consideration concerns whether Davis' insurance policy with respondent covers Donnie's injuries. The policy covers accidents which occur with respect to the conduct of the business. The district court held that there was no coverage under the facts of the instant case. We disagree.
It is well settled that the construction of an insurance policy is a question of law for the court. See Zautner v. Liberty Mutual Insurance Co., 382 So.2d 106, 107 (Fla. 3d DCA 1980). However, it is for the jury to determine whether the facts of the case fall within the scope of coverage as defined by the court: "[w]hether a certain set of facts exists to bring a loss to the insured within the terms of a policy is an issue to be determined by the trier of fact." State Farm Fire & Causalty Co. v. Licthman, 227 So.2d 309, 311 (Fla. 3d DCA 1969).
*1158 There was sufficient evidence upon which the jury could have concluded, as it did, that the injuries to Donnie occurred with respect to the conduct of Davis' business. Thus, we find that the trial court did not err in allowing the jury to decide that question.
Evidence exists that the boys were performing a business function at the time of the accident, having stopped their play with the dog to turn on the nursery's irrigation system. Furthermore, there is ample evidence to the effect that the dog was performing her business function as a watchdog when the injury occurred. The evidence shows that Shane functioned as a watchdog on the property and the performance of that function was nothing more than the act of running free in the nursery after it was closed to the public. The fact that the dog worked after the nursery was closed to the public is of no consequence. Shane was a watchdog, and for this dog, business hours began precisely when the business was closed to the public. Whether tied to the wagon or not, Shane had the run of the nursery and was capable of her watchdog functions. Shane could hear, see, smell, or otherwise sense the presence of strangers on the premises. There was nothing about the wagon which prevented Shane from performing that function.
There was ample evidence to submit the issue of coverage to the jury and sufficient evidence to support the jury's verdict. Accordingly, we quash the decision of the district court and remand this cause to the district court of appeal with instructions to affirm the judgment of the trial court.
It is so ordered.
BOYD, C.J., and McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion.
ALDERMAN, J., dissents.
OVERTON, Justice, dissenting.
I dissent. I cannot agree with the majority's view that the legislature intended chapter 767 to establish a means for recovery on the basis of strict liability when a person is struck by a little boy's wagon that is pulled by a dog but would deny recovery to a business invitee, properly on the premises, who is viciously bitten in the scrotum by a guard dog. See Belcher v. Stickney, 450 So.2d 1111 (Fla. 1984).
In the instant case, Donnie, a twelve-year-old boy, was invited over to his friend Michael's house to play. The boys tied Michael's German shepherd, Shane, to a small red wagon in an attempt to have Shane pull them. When Shane proved too weak to pull them, the boys began walking, with Shane following still tied to the wagon. As this entourage progressed, Shane spotted Donnie's dog and ran after it. As Shane ran past Donnie, the wagon struck Donnie, causing a permanent injury to his leg. Shane never came in contact with Donnie.
In concluding that strict liability is not applicable in this case, I agree with the district court that it was the intent of the legislature that "[s]tatutory liability pursuant to section 767.01 should be imposed upon the dog owner only where the damage done by the dog is the direct cause of the injury." Utica Mutual Insurance Co. v. Jones, 408 So.2d 769, 771 (Fla. 2d DCA 1982) (citing Smith v. Allison, 332 So.2d 631 (Fla. 3d DCA 1976)). It does not appear reasonable to me that the legislature intended strict liability to apply for injuries which occur from little red wagons tied to dogs by small boys or, for that matter, from injuries which occur when a Saint Bernard is put in the backseat of a car and the dog causes a loaded shotgun also placed in the backseat to fire. See Mapoles v. Mapoles, 350 So.2d 1137 (Fla. 1st DCA 1977), cert. denied, 364 So.2d 888 (Fla. 1978).
I would recede from Donner v. Arkwright-Boston Manufacturers Mutual Insurance Co., 358 So.2d 21 (Fla. 1978), and Carroll v. Moxley, 241 So.2d 681 (Fla. 1970), to the extent that they hold that chapter 767 superseded the common law in all situations covered by the statute. A *1159 reasonable interpretation of the statute is that strict owner liability was intended to be imposed for injury attributable to canine characteristics. This special responsibility of a dog owner which establishes the basis for strict liability must, in my view, flow from the extraordinary risks created by canine characteristics such as "biting, barking, chasing, jumping, vicious or rambunctious conduct," Mapoles, 350 So.2d at 1139 (Smith, J., dissenting), or some other specific affirmative or aggressive act by a dog toward the injured party. In section 767.04 certain total immunities from owner liability are granted. It is my view that it was clearly the intent of the legislature that if such canine characteristics are not exhibited in a given case or if the immunity circumstances apply, then strict owner liability cannot be imposed. In such a case, however, it appears to me that the principles of ordinary negligence may still be applied as an alternative theory of recovery and that the legislature had no intent to abrogate that cause of action.
In the instant case, although the injury occurred when Shane exhibited canine characteristics by chasing another dog, there was neither contact between Shane and Donnie nor any affirmative or aggressive act by Shane toward Donnie. The injury occurred because the wagon was tied to Shane, not because Shane was a dog. Any cause of action here must be on the basis of common law negligence, not statutory strict liability. To allow recovery on the basis of strict liability in this instance, and then, as the majority has done, deny any type of recovery for a vicious dog bite under the circumstances in Belcher v. Stickney results in a totally unreasonable construction of the statute.
For the reasons expressed, I would approve the Second District's decision in the instant case, disapprove the First District's decision in Mapoles, and recede from our prior decisions in Donner and Carroll. This, in my view, is necessary to provide a reasonable and logical construction of the statute.