George Ralph Miller Walton County Attorney
QUESTION:
May Walton County regulate dogs on the beach by either banning their presence or requiring they be leashed?
SUMMARY:
Walton County may regulate dogs on the publicly owned portions of the beach through the exercise of its police power, except where such regulation is preempted by the state as it relates to sovereign lands. The county may ban dogs on publicly owned beaches, if it is determined that dogs are inherently dangerous or constitute a nuisance per se.
Counties have been granted broad home rule powers by s. 1(f), Art. VIII, State Const., as implemented by s. 125.01, F.S. Thus, a county may exercise its power to carry on county government, unless the Legislature has preempted a particular subject or otherwise regulates the area.[1] Generally, a county has civil and criminal jurisdiction over property within its boundaries, exclusive of municipal property, and may regulate and restrict certain activities in such a way which is reasonably calculated to protect the public health, safety and welfare.[2]
Thus, through the exercise of its police power, a county may reasonably restrict the use of property in the interest of the health, safety and welfare of the public.
The county's authority to regulate through its police power, however, is inferior to the state's power to regulate and control the use of its sovereign lands. A county regulation, therefore, must not violate the public's constitutionally protected right to enjoy sovereignty lands. This constitutional protection is known as the public trust doctrine.[3]
Your basic question is whether the county may regulate dogs on the beach. The manner in which such regulation is carried out is a matter of degree, ranging from requiring dogs to be leashed while on the beach to a complete ban of dogs on the beach. Section767.07, F.S., acknowledges that municipalities have the authority to prohibit, license, or regulate the running at large of dogs within their respective limits by law or ordinance. Given the home rule authority granted counties, a county would be authorized to enact, in a manner prescribed by general law, a county ordinance not inconsistent with general or special law, prohibiting or regulating the running of dogs at large. The term "at large" is not defined in Ch. 767, F.S. It's plain and ordinary meaning, however, is "[f]ree; unrestrained; not under corporal control, as a ferocious animal so free from restraint as to be liable to do mischief."[4] Any regulation or prohibition of dogs running at large would appear to be inapplicable to dogs which are under the control of an owner or other person or confined to the private property of the owner or other person who has granted permission for the dog to be present.[5] While Walton County may regulate or prohibit dogs running at large, it does not appear that such regulation or prohibition may be used to leash or ban dogs which are confined or controlled on privately owned beach property where the owner has given permission for the dogs to be.
In Carter v. Town of Palm Beach,[6] The Supreme Court of Florida held that an ordinance banning all surfing within the municipal boundaries of the Town of Palm Beach was unconstitutional. In the opinion, it was recognized that "[a] municipality may, under the police power, regulate and restrain activities which threaten the public health, safety and welfare. . . ."[7] The Court found that "[t]he Town of Palm Beach may regulate and control surfing and skimming in areas subject to its jurisdiction and may prohibit these activities at certain places along the beach . . . [but,] the complete prohibition of this sport from all the beach area is arbitrary and unreasonable."[8]
In AGO 79-71, this office concluded that a municipality may reasonably regulate egress, ingress, boating, bathing and fishing in the area of a public beach within its territorial limits to protect the public health, safety, and welfare. Such regulation, however must bear a rational relation to and be reasonably designed to accomplish a purpose necessary for the protection of the public. As was pointed out in AGO 79-71, a municipality may not prohibit an otherwise lawful activity on or use of a public beach which is not inherently dangerous to the public or a nuisance per se.[9]
Applying the same analysis in the Carter decision and AGO 79-71, Walton County may ban dogs from the publicly owned areas of the beach, if the governing body of the county makes the determination that the presence of dogs in such areas is inherently dangerous to the public or is a nuisance per se. Any regulation of the dogs on the publicly owned areas of the beach must be reasonable and bear a rational relationship to protecting the public health, safety and welfare. Thus, Walton County may require dogs on publicly owned beaches to be leashed, if it is determined that such a requirement bears a rational relationship to protecting persons who use the beach.
[1] See, Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978).
[2] See, s. 1, Art. VIII, State Const., providing for counties, their government, officers and ordinances, and Ch. 125, F.S., providing for county government.
[3] See, McDowell v. Trustees of Internal Improvement Fund, 90 So.2d 715 (Fla. 1956); White v. Hughes, 190 So. 446 (Fla. 1939); Adams v. Elliot, 174 So. 731 (Fla. 1937); and AGO's 85-47, 79-71 and 73-430.
[4] Black's Law Dictionary 114 (5th ed. 1979).
[5] Cf., Smith v. Allison, 332 So.2d 631, 632 (3 D.C.A. Fla., 1976) (county ordinance prohibiting person owning or having possession, charge, custody or control of a dog from allowing such dog to stray, run, be, go or in any other manner to be at large in or upon any public street, sidewalk or park or on private property of others without express or implied consent of owner of such private property prescribes liability only when a person permits the dog to run at large).
[6] 237 So.2d 130 (Fla. 1970).
[7] Carter at 131.
[8] Carter at 131-132.
[9] A nuisance per se or at law is an act, occupation, structure or thing which is a nuisance at all times and under any circumstances, regardless of location or surroundings. Seegenerally, 66 C.J.S. Nuisances s. 3 (1950). Whether or not a particular thing or act is a nuisance is generally a question of fact which must be determined by the county commission prior to adopting an ordinance prohibiting the nuisance. Id. Such a determination is one outside the scope of authority of the Attorney General's Office. See, Department of Legal Affairs Statement of Policy Concerning Attorney General Opinions.