[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10569
Non-Argument Calendar

_____

D. C. Docket No. 06-00817-CV-ORL-18-KRS

JOHN HAMATIE,

Plaintiff-Appellee,

MONIQUE HAMATIE,

Plaintiff,

versus

LOUISVILLE LADDER, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 28, 2008)

Before BARKETT, PRYOR and HILL, Circuit Judges.

PER CURIAM:

John Hamatie sued Louisville Ladder, Inc. for damages allegedly caused by its negligent design and manufacture of an extension ladder that collapsed resulting in Hamatie falling and injuring himself. The jury returned a verdict for Hamatie. The district court denied defendant's motion for judgment as a matter of law or for a new trial, and defendant brought this appeal. For the following reasons, we shall affirm.

## I.

John Hamatie was stringing Christmas lights on a window in the dining room of his house when the extension ladder on which he was standing partially collapsed, causing him to fall. He sued Louisville Ladder, Inc. ("Louisville"), claiming that the fly – the upper extension of the ladder – was negligently designed and manufactured causing it to separate from the base and collapse. The case was tried on both the negligent design and manufacture theories, but Hamatie withdrew the design claim prior to the jury receiving the case.

1.    The Motion for Judgment as a Matter of Law

Louisville contends that judgment as a matter of law is required in this case because Hamatie failed to present evidence sufficient to establish that its manufacture of the ladder caused Hamatie's fall and injuries. Specifically,

Louisville argues that Hamatie failed to prove that "but for" the alleged manufacturing defects, his accident more likely than not would have been prevented. Rather, since Hamatie's expert testified that Louisville was negligent in both the *design* and the manufacture of the ladder, he could not say, and the jury could not conclude, that "but for" the manufacturing negligence the accident would not have occurred.

This, however, mistakes the standard for establishing "but for" causation in Florida. In Florida, the defendant is liable for "injury produced or substantially produced in a natural and continuous sequence by his conduct, such that 'but for' such conduct, the injury would not have occurred." *Jones v. Utica Mut. Ins. Co.*, 463 So. 2d 1153, 1156 (Fla. 1985). However, "[s]uch liability is not escaped in the recognition that the injury would not have occurred 'but for' the occurrence or intervention of some *other* cause as well." *Id.* The defendant is liable for his own negligence even when it combines with some other intervening cause since "but for" the other cause as well, injury would not have occurred. *Id.*

Louisville recognizes that this is the law, but contends that it does not apply to this case because the alleged design and manufacturing defects "are not part of a natural and continuous sequence of events but are instead *mutually exclusive* theories of recovery." Louisville, however, offers no authority for this proposition,

because there is none. The evidence indicates that the design and manufacturing defects were concurrent in this case.

Plaintiff's expert testified that there were both design and manufacturing defects in the ladder. But he did not testify that but for the design defect the accident would not have occurred. Rather he testified each defect, concurring with the other, was sufficient to cause the failure of the ladder. This is the very definition of concurrent causes. *Jones*, 436 So. 2d at 1156. The defendant is liable for the defect resulting from his own negligence, even when it combines with some other intervening cause. *Id.* This is especially true, when, as here, the same defendant is the author of both defects causing injury.

Accordingly, the defendant is not entitled to judgment as a matter of law.

2. <u>Motion for a New Trial</u>

There was more than ample evidence presented at trial from which the jury could conclude that the ladder was negligently manufactured. Defendant's contentions to the contrary, we do not substitute our own credibility choices and judgment for those of the jury. This verdict was not against the great weight of the evidence.

Louisville also argues that it was denied a fair trial because plaintiff presented evidence regarding Louisville's relocation of its ladder plant to Mexico

4

and because plaintiff suggested in closing that the damages calculation should factor in the amount saved by plaintiff due to the foreign relocation of its plant. While this court does not condone the not so subtle attempt to influence the jury in this way, we cannot conclude that any prejudice occurred in this case. First, the location of the plant and the manufacturing guidelines there were relevant to the liability issue in the case. Second, the jury only awarded plaintiff $200,000 for his pain and suffering, far below the amount that would have been awarded by factoring in the savings due to the relocation of the plant.

Accordingly, Louisville is not entitled to a new trial.

## II.

For the foregoing reasons, the judgment of the district court denying Louisville's motion for judgment as a matter of law or for a new trial is due to be AFFIRMED.