HARRY DRANOW BY LOUIS DRANOW, HIS NEXT FRIEND, AND LOUIS DRANOW, PLAINTIFFS, v. ADOLPH KOL-MAR, DEFENDANT.

Submitted March 27, 1918—Decided September 23, 1918.

Where a party, without himself doing an act which would induce an ordinary, good-natured, kind and gentle dog to bite, is bitten by a dog, the owner of the dog is liable in damages for the injury suffered, upon evidence showing that the dog, with the knowledge of the owner, had a mischievous propensity to bite, whether in anger or not, and in order to say that a dog who has bitten a person did not at the time manifest a mischievous propensity, it must necessarily appear that the biting was done in self-defence, or by invitation and under such circumstances that the ordinary well-behaved dog, of a kind and gentle disposition, would have acted in a similar manner, in a similar situation.

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiffs, *Queen & Stout.*

For the defendant, *Voigt & Otto.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff, a lad ten years of age, was bitten, in the cheek, by defendant's dog. He brought an action, by his father, as next friend, against the defendant to recover damages for the injury sustained from the dog bite, in which action his father also joined, as a plaintiff, to recover the sums of money expended by him for medical attendance upon and for medicines furnished his son. The jury rendered a verdict for the defendant. The case is now before us on the plaintiff's rule to show cause why the verdict should not be set aside and a new trial granted, as being against the clear weight of the evidence, contrary to law.

errors in the charge of the court, and because of the refusal of the trial judge to charge certain requests submitted to be charged by plaintiff's counsel.

The undisputed facts in the case appear to be, (1) that the defendant's dog, a fox terrier, bit Harry, the plaintiff, without any provocation; (2) that the defendant's dog had bitten another boy previously and defendant knew it.

The defendant claimed that he was not chargeable with knowledge of any vicious propensity in the dog to bite mankind, by reason of the information which he possessed, that his dog had on a prior occasion bitten a boy, because his information was that at the time when the biting occurred his dog was sitting on the front stoop of a house when the boy, in passing by, said gr-r-r- and put his hand out toward the dog, whereupon the dog leaped to the ground and then jumped upon the boy and bit him in the cheek, and that this conduct of the animal was not a manifestation of a vicious propensity to bite but a natural act under the then existing circumstances. Even conceding that it was a natural act, it was no less an exhibition of a mischievous propensity, and was notice to the owner of that evil trait. Therefore, the admission of the defendant that he possessed the information of the behavior of the animal on that occasion was, in substance, an admission of knowledge of the dog's mischievous propensity.

In *Evans* v. *McDermott,* 49 *N. J. L.* 163, the defence relied on was, that, though the dog had bitten several persons of which the owner had information, yet since it appeared that in every instance the biting occurred while the dog was in a playful mood, therefore no damages could be recovered where it is shown that the dog had a propensity to bite only in play; but that to justify a recovery, it must appear that the dog was in the habit of biting mankind while in angry mood, actuated by a ferocious spirit. Mr. Justice Joel Parker, speaking for the court, in an opinion replete with sound sense and observation (at *p.* 164), says: "This is not the law. An action can be maintained against the owner by a party injured upon evidence that a dog, with the knowledge of the

owner, had a mischievous propensity to bite mankind, whether in anger or not. In either case the person bitten would suffer injury. A mischievous propensity is a propensity from which injury is the natural result." Applying this doctrine to the facts of the present case, we are unable to perceive upon what principle of law or fact the jury could have properly found a verdict for the defendant. The verdict is clearly against the evidence and contrary to law.

We are not to be understood, however, as declaring that there can be no circumstance which would justify a dog to bite a person, without subjecting the animal to the imputation of having a mischievous propensity to bite. A dog may be obliged to bite in self-defence. A dog's teeth and firmness and strength of jaw are the only means with which nature has supplied him for protection against the attack of man and beast. Therefore, in order to properly say that a dog who has bitten a person did not at the time manifest a mischievous propensity, it must necessarily appear that the biting was done in self-defence, or by invitation and under such circumstances that the ordinary well-behaved dog, of a kind and gentle disposition, would have acted in a similar manner, in a similar situation.

The trial judge was requested, by the plaintiff, but refused, to charge the following request: "If the jury finds by a preponderance of the evidence that the dog with the knowledge of the defendant had a mischievous propensity to bite people in play, defendant is liable." The plaintiffs were entitled to have the court charge this request, and it was error to refuse it for the reasons above stated.

The trial judge was also requested to charge, but refused, the following: "It is not a defense to the action that the dog was in the habit of biting people when patted or teased, if the defendant has knowledge of the habit."

This request was too broad. A dog who will bite merely because he dislikes to be patted upon the head or body displays, decidedly, a mischievous propensity. And the same may be properly said of a dog who will not stand a moderate amount of teasing. But teasing may go to such an extent

as to be equivalent to cruelty sufficient to incite a dog of the most gentle and kind disposition to take a bite out of his tormentor, in self-defence. The request, as a whole, in the respect pointed out, was faulty, and, therefore, the court was under no legal duty to charge it.

Upon this phase of the case, however, the trial judge instructed the jury, as follows: "Of course, gentlemen, if a usually docile, gentle, good-natured dog, without vicious or mischievous propensity, is provoked or goaded by teasing to do an injury which it would not otherwise do, the owner would not be liable for such injury, nor would knowledge of such fact be sufficient 'to charge him with knowledge of viciousness, or a vicious or mischievous propensity." This instruction is erroneous, in that, it, in substance, unqualifiedly declares that knowledge of the owner of a dog that the animal has bitten a person, as a result of being teased, is not such knowledge of the owner of the mischievous propensity in his dog, as would make the owner liable to a person subsequently bitten by the animal. The doctrine of *Evans* v. *McDermott, supra,* is to the contrary.

It is not to be understood that because the owner of a dog has knowledge of the mischievous propensity of the animal to bite, that he will be conclusively held answerable, in damages to a person subsequently bitten, irrespective of the circumstances under which the second biting occurred. It must always remain a question for a jury to decide whether the plaintiff who is suing did an act which ordinarily would induce an ordinary good-natured, kind and gentle dog to bite. In the present case it was not pretended that the plaintiff had been guilty of any such conduct. For the reasons stated the verdict is set aside and a new trial ordered.