381 So.2d 249 (1979)
FORD MOTOR COMPANY, a Foreign Corporation, Doing Business in the State of Florida, Appellant,
v.
Willie Lee HILL and Eloise Hill, His Wife, Appellees.
FORD MOTOR COMPANY, a Foreign Corporation, Doing Business in the State of Florida, Appellant,
v.
BARKETT OIL COMPANY, Appellee.
Nos. 77-514, 77-1364.
District Court of Appeal of Florida, Fourth District.
December 28, 1979.
James A. Dixon, Jr. and Aubrey V. Kendall of Dixon, Dixon, Hurst, Nicklaus & *250 Webb; Timothy J. Norris of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for appellant.
Walter H. Beckham, Jr. and Robert Orseck of Podhurst, Orseck & Parks, P.A., Miami, and Simons & Schlesinger, Fort Lauderdale, for appellees Hill.
K.P. Jones of Law Offices of K.P. Jones, Fort Lauderdale, for appellee Barkett Oil Co.
LETTS, Judge.
This appeal stems from a products liability claim against Ford Motor Company following a single vehicle truck accident and injuries incurred as a result of an alleged "second collision" defect in truck design. The jury was instructed only on strict liability and no negligence instruction was given. We affirm.
The truckdriver was horribly injured, permanently paralyzed from the waist down suffering total loss of control over his bladder and bowels. The accident occurred when his tanker truck, overloaded and possessed of bald tires went out of control on a wet highway and spun around sliding backwards onto the median strip. The single unit truck carried over 4,000 pounds of gasoline and oil and when the rear wheels dug into the soft median, the tank tore loose gouging deeply into the soft median, then ground to a halt while the still moving cab slammed into it. This happenstance released two latch hooks securing the hinged cab and it snapped, whip-like, open and then shut again, causing the injuries.
There are more facts involving the history of how this Ford truck, sold as an "incomplete vehicle," came to have a secondhand tank on the frame, mounted by the driver's own employer, allegedly in a most negligent fashion; however those already stated are sufficient for our purpose here except as same may be augmented hereafter.
The original complaint, filed before the decision in West v. Caterpillar Tractor Company, Inc., 336 So.2d 80 (Fla. 1976), contained no strict liability count. The West case was published in July of 1976 and the trial of this cause followed five (5) months later without any attempt to include such a count until the charge conference, when the defense counsel so noted and plaintiff's counsel responded:
There is no count required for strict liability. Read West ... . Strict liability is a rule of law. It is not a rule of pleading. If it is necessary counsel, if you want to put it to the task I would move to amend the complaint ... if you think that's necessary, but no way is that necessary.
To this, defense counsel made no applicable rejoinder and the trial judge no ruling.
We first decide that the above described colloquy was not sufficient to constitute a motion to amend or result in an actual amendment. However this conclusion is of little consequence inasmuch as labored study of the voluminous transcript convinces us that the issue of strict liability was tried at least by implied consent of all parties. In consequence we think there resulted an amendment to conform with the evidence by operation of Fla.R.Civ.P. 1.190(b).
Ford contends that an instruction to the jury on strict liability only was in error under the law of Ford Motor Company v. Evancho, 327 So.2d 201 (Fla. 1976).[1] Apart from those of a peripheral nature, the only "gut" instruction given was the standard P.L. 4 on strict liability[2] and such would be serious error if Evancho, supra, is still the law of second collision cases. However we do not think it can be, because it appears to us that the later case of West v. Caterpillar Tractor, supra, must apply to *251 second collision cases because of its overpowering language. Yet we are troubled by the failure of the West court to even mention Evancho, decided but a few months earlier. Evancho quite clearly holds that in second collision cases the manufacturer's liability is not predicated on the doctrine of strict liability "... rather, it recognizes a duty of reasonable care on automobile manufacturers based on common law negligence," Evancho, supra, at 203. It may be that this Evancho language was employed only because at that time Florida had not officially adopted the doctrine of strict liability. (But see Nicolodi v. Harley-Davidson Motor Company, Inc., 370 So.2d 68 (Fla.2d DCA 1979)). However we must entertain the possibility that we are in error and do hereby certify the following question to the Supreme Court deeming it to be of great public interest:
IS THE COMMON LAW NEGLIGENCE THEORY IN SECOND COLLISION CASES SET FORTH IN EVANCHO STILL VIABLE DESPITE THE ADOPTION OF STRICT LIABILITY IN WEST v. CATERPILLAR TRACTOR COMPANY, INC.?[3]
Finally, the dismissal with prejudice of Ford Motor Company's third party claim against the driver's employer is affirmed upon the authority of Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979); Stuart v. Hertz, 351 So.2d 703 (Fla. 1977) and Maybarduk v. Bustamente, 294 So.2d 374 (Fla.4th 1974).
The law on this question was not, and is not, a model of clarity. Formerly a third party complaint would lie if the third party plaintiff alleged mere passive negligence but would not lie if active negligence was involved. Thus it was that the courts had begun to see third party complaints containing the magic words "passive negligence" whether or not the negligence was of that variety.
Yet the understandable posture of Ford in the case at bar was that it was not negligent at all and that the sole proximate cause of the injuries was the negligence of the driver and his employer. It would appear that this posture would here preclude a third party complaint under the former passive/active negligence theory before the Houdaille, supra, decision. However Houdaille has cast aside this active/passive differentiation, holding instead that a third party complaint will lie where the liability if any is "solely vicarious, constructive, derivative or technical." We are not without difficulty in understanding the full extent of these quoted adjectives but we do not think a manufacturer's strict liability would be encompassed by them. The West case perceives a manufacturer's strict liability to be predicated upon a defect which is the proximate cause of the injuries. To us, while there may be no negligence involved, a defendant manufacturer's defective product, which proximately causes an injury, presupposes much more than mere vicarious liability.
We therefore hold that a third party complaint is not available to Ford Motor Company in this case. However, although not necessary to our conclusion, and even if a third party complaint were appropriate in strict liability situations, the second amended third party complaint now before us avers that the original judgment against Ford Motor Company was obtained "pursuant to [the] complaint." That simply is not so. As we have already observed, this original complaint did not contain a strict liability count and though the issue may have been tried by implied consent, it certainly is not contained within the four corners of the original complaint attached as an exhibit to the third party complaint.
AFFIRMED.
DAUKSCH, JAMES C., Jr., Associate Judge, concurs.
BERANEK, J., concurs specially.
BERANEK, Judge, concurring specially, dissenting as to certification.
I concur in the result reached by the majority, but do not agree to the reasoning or the certification of the question.
*252 The complaint against Ford was based on negligence and breach of implied warranty but these theories were abandoned at the time of the charge conference. It somehow developed that the entire theory of the case became that of strict liability under West v. Caterpillar Tractor Company, Inc., 336 So.2d 80 (Fla. 1976). Although there were absolutely no pleadings setting up the elements of a cause of action under strict liability, the court, with the acquiescence of counsel, instructed the jury on this sole theory. It is also noteworthy that much of the evidence introduced in the trial was totally irrelevant to strict liability  which according to West is liability without negligence.
By failing to object to and acquiescing in the drastically significant change in the basic theory of this lawsuit, the defendant has waived its ability to meaningfully complain to this Court. Since this is a case of waiver, I do not believe it is a proper vehicle for the certification of a question of great public interest on the substantive law of strict liability. I do not believe this Court need go further than finding that both counsel tardily agreed to submit the case to the jury on the theory of strict liability. As such the trial court was never presented with a question of whether the West case overruled the Evancho case in second collision situations.
On appeal defendant contends the trial court erred in failing to instruct the jury on negligence in general and further on plaintiff's alleged contributory negligence. West v. Caterpillar Tractor Company, supra, specifically holds that a plaintiff's contributory negligence in the actual use of a defective product is a partial defense of an action based on strict liability. At the charge conference, the defendant specifically withdrew its request for a charge on plaintiff's own contributory negligence. Despite this withdrawal, defendant proceeded in closing before the jury to argue extensively that the accident was really the result of the negligent mounting of the tank on the truck body and the driving of this overloaded and negligently modified truck with bald tires on a wet road. In short, plaintiff's contributory negligence was argued to the jury but the jury was not instructed on it because the court was not asked to so instruct. No error is preserved in this regard and the case does not, in my opinion, present a question as to whether common law negligence remains viable under the West ruling.
As to the third party complaint by Ford against the driver's employer, I agree with the majority that it was properly dismissed, but not because of reliance on the Houdaille Industries v. Edwards, supra, decision. The third party complaint sought indemnity and asserted that Ford had been held liable to Hill on the theories asserted in the complaint filed by Hill against Ford. This was totally inaccurate as a matter of law. The complaint by Hill against Ford was based on negligence and breach of warranty. These two theories of liability were abandoned with Ford's acquiescence and Ford was held liable solely on strict liability as enunciated in West. Since the third party complaint failed to recognize the change in the basic theory of the case between Hill and Ford, it could not possibly state a cause of action for indemnity. I therefore conclude that the third party complaint was properly dismissed with prejudice but not for this stated reason.
NOTES
[1] In view of our conclusion we need not address the question of whether defense counsel waived objection to the strict liability instruction.
[2] Ford also claims in the alternative that this standard instruction is inadequate in any event. We concede it is not as expansive as in the Restatement (Second) of Torts § 402A, but we do not find the standard instruction to be reversible error.
[3] The defense did request such an instruction.