184 N.J. Super. 84 (1982)
445 A.2d 84
PATRICIA E. PETERSEN, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF DENISE MARIE PETERSEN, AN INFANT MINOR, PLAINTIFFS,
v.
RUSSELL TOLSTOW AND MYRA TOLSTOW, HIS WIFE, INDIVIDUALLY, JOINTLY, SEVERALLY, OR IN THE ALTERNATIVE, AND THOMAS PERNA, AND ALICE PERNA, HIS WIFE, INDIVIDUALLY, JOINTLY, SEVERALLY OR IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division Atlantic County.
Decided March 12, 1982.
*86 Nicholas Pollis for plaintiff Petersen.
A. Michael Barker for defendants Tolstow.
Stephen Sweet for defendants Perna.
CONNOR, J.S.C.
Presented here are issues of contribution and common-law indemnity arising out of the interrelationship of the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq. (the so-called "Dog Bite Statute"), N.J.S.A. 4:19-16 and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.
They arise in the context of an action for personal injuries suffered by a 23-month-old victim caused by a dog bite when she was taken by her grandparents for an unannounced social visit to the home of the dog owners. Liability was asserted against the owners (Tolstow) on theories of negligence and strict liability pursuant to N.J.S.A. 4:19-16. Negligent supervision was asserted against the grandparents (Perna).
Pursuant to agreement, damages were stipulated to be $65,000 without any defendant admitting liability therefor. This stipulation occurred at the close of plaintiffs' case. Because a minor plaintiff was involved, the judge treated the matter as a contingent "friendly judgment." The stipulation was approved, using the procedure outlined in R. 4:44-3.
At the close of all proofs the matter was submitted to the jury upon written interrogatories which detailed the liability issues. The jury determined as follows:

 1. Is defendant Russell Tolstow liable pursuant to N.J.S.A. 4:19-16?
 No ____ Yes x 
 2. Is defendant Myra Tolstow liable pursuant to N.J.S.A. 4:19-16?
 No ____ Yes x 
 3. Was defendant Russell Tolstow negligent?
 No x Yes ___
 5. Was defendant Myra Tolstow negligent?
 No x Yes ___

*87
 7. Was defendant Thomas Perna negligent?
 No ____ Yes x 
 8. If so, was his negligence a proximate cause of plaintiff's injuries?
 No ____ Yes x 
 9. Was defendant Alice Perna negligent?
 No ____ Yes x 
 10. If so, was her negligence a proximate cause of plaintiff's injuries?
 No ____ Yes x 
 11. If you have found more than one person to be negligent whose
 negligence was a proximate cause of plaintiff's injuries, you shall
 determine the percentage of negligence attributable to any such
 persons.
 Russell Tolstow 0 %
 Myra Tolstow 0 %
 Thomas Perna 50 %
 Alice Perna 50 %
 Total 100 %

Questions 4 and 6 dealt with the issue of proximate cause as to defendants Tolstow. Since no negligence was found, the questions were moot.[1]
As a result of the jury's determination, judgment was entered against all defendants jointly, severally and in the alternative in the sum of $65,000. Costs and prejudgment interest were waived pursuant to stipulation.
Motion for judgment n.o.v. by defendants Perna was denied in a bench opinion. Thus the remaining issues to be resolved concern the various defendants' rights to contribution or indemnity between and among themselves. Obviously, plaintiffs would be entitled to collect the entire judgment from any *88 responsible defendant. See, e.g., Theobald v. Kenney's Suburban House, Inc., 48 N.J. 203, 206-207 (1966); Malinauskas v. Public Service Interstate Transp. Co., 6 N.J. 269, 274 (1951).
Defendants Thomas and Alice Perna seek indemnity from codefendants Russell and Myra Tolstow, claiming they should not be held responsible for any of plaintiffs' damages. They argue that since the Tolstows have been found liable pursuant to the "Dog Bite Statute" (N.J.S.A. 4:19-16), which statute supposedly imposed absolute liability upon the Tolstows, this evidences the Legislature's intent that those found liable under the statute be solely responsible for all damages recovered. Such is not the law.
Initially it should be observed that N.J.S.A. 4:19-16 does not impose absolute liability upon the owners of dogs who bite others. Rather, it has been held that this statute imposes a general rule of strict liability subject to various conditions and requirements as set forth in the statute and also subject to certain defenses. Tanga v. Tanga, 94 N.J. Super. 5, 12-13 (App. Div. 1967); Foy v. Dayko, 82 N.J. Super. 8, 13-15 (App.Div. 1964), certif. den. 41 N.J. 602 (1964).
Further, even if one assumes that N.J.S.A. 4:19-16 imposes absolute liability upon the Tolstows, this does not automatically render them solely responsible for plaintiffs' damages. Among the issues presented in Adler's Quality Bakery, Inc., v. Gaseteria, Inc., 32 N.J. 55 (1960), was whether a statutory wrongdoer could recover contribution from another tortfeasor pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq. The answer was yes. 32 N.J. at 79. A similar result was reached in Tormo v. Yormark, 398 F. Supp. 1159, 1180 (D.N.J. 1975). Thus, one who is statutorily liable may nonetheless recover contribution from another tort-feasor. An analogous result was reached in Cartel Capital Corp. v. Fireco of *89 N.J., 81 N.J. 548 at 567 (1980). A defendant manufacturer which was strictly liable in tort was permitted to recover contribution from a defendant seller whose negligent servicing was a proximate and concurrent cause of plaintiff's damages.
In the present case the Tolstows, whose liability was predicated upon N.J.S.A. 4:19-16, and the Pernas, whose liability was predicated upon common law negligence, were found to be proximate and concurrent causes of plaintiff's injuries. Thus, pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq., the Tolstows would only be responsible for their pro rata share of the damages recovered. This would amount to 50% of the total judgment, apportioned one-half of such 50% (or 25%) to each as co-owners of the dog. The Pernas would be responsible for the remaining 50% of the total judgment awarded. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 at 94 (1954), holding in pertinent part that the number of pro rata shares is determined on the basis of the number of commonly liable wrongdoers.
A new wrinkle arises due to the applicability of the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq. The Pernas 50% share of the judgment should be apportioned pursuant to the percentages of negligence found by the jury since their liability is predicated upon negligence. As to persons subject to N.J.S.A. 2A:15-5.3, a percentage share must be substituted for a pro rata share in matters of contribution among joint tortfeasors. Rogers v. Spady, 147 N.J. Super. 274, 277 (App.Div. 1977). Since the Pernas were each found to be 50% negligent, they would each be responsible for one-half of the remaining half of the plaintiff's damages or 25%.
Judgment against all defendants, jointly severally and in the alternative, in the amount of $65,000, and further providing that among the defendants themselves, each is responsible for a 25% share.
NOTES
[1] In view of the tender years of the minor plaintiff, the question as to her negligence, if any, and the effect thereof upon any recovery to which she is entitled is not before the court. Barbarisi v. Caruso, 47 N.J. Super. 125 (App.Div.) 1957; Kennedy v. Sullivan, 66 N.J.L. 185 (Sup. 1901).