479 So.2d 231 (1985)
Stephen A. WALLACE, Appellant,
v.
Steven STRASSEL, Stanley A. Guest, et ux., Appellees.
No. 84-2222.
District Court of Appeal of Florida, Fourth District.
December 4, 1985.
*232 James H. Wakefield, Rosemary B. Wilder and Richard A. Sherman, of Law Offices of Richard A. Sherman, Fort Lauderdale, for appellant.
James T. Sparkman of Hill, Neale and Riley, Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
This is an appeal from a summary final judgment, in favor of an active tortfeasor against whom a dog owner sought contribution. We reverse and remand.
Stanley Guest was riding down the street on a bicycle when a dog chasing a frisbee ran into his bicycle and knocked him down. The frisbee was thrown by Steven Strassel, who was playing with the dog. The owner of the dog, Steven Wallace, had given Strassel permission to play with the dog.
Guest brought an action against Wallace, as owner of the dog. In his answer appellant Wallace alleged contributory negligence and that Guest's injuries were caused by the negligence of Strassel, over whom appellant had no control. Appellant subsequently filed a third-party complaint for negligence and contribution against Steven Strassel, who threw the frisbee. Third-party defendant Strassel then filed a motion for summary judgment, alleging that appellant was strictly liable for the actions of his dog under section 767.01, Florida Statutes (1983). Guest then moved to amend his complaint to state a cause of action in strict liability under section 767.01.
The trial court granted third-party defendant Strassel's motion for summary judgment and plaintiff Guest's motion to amend. The case then proceeded to trial, and judgment was entered in favor of plaintiff Guest for $60,000.
Appellee initially argues that at the summary judgment hearing appellant failed to argue that strict liability does not bar contribution, and therefore appellant should not be permitted to raise that argument now. Appellant did at least indirectly make the argument by contending that the holding of Jones v. Utica Mutual Insurance Company, 463 So.2d 1153 (Fla. 1985), did not bar contribution in this case. Additionally, in a summary judgment case, the party moving for summary judgment must show conclusively that no material issue remains for trial and that there is no material issue of fact. Mejiah v. Rodriguez, 342 So.2d 1066 (Fla. 3d DCA 1977). Until this burden is met the opposing party is under no obligation to show that issues remain to be tried. Howe v. South Broward Hospital District, 345 So.2d 1079 (Fla. 4th DCA 1977). Appellee did not meet his burden.
At the summary judgment hearing the parties spent the majority of the hearing arguing whether the facts of this case were distinguishable from those in Jones v. Utica Mutual Insurance Company. In Jones, a dog was tied to a wagon by a child. The dog saw another dog and began to chase it, causing the wagon to run over another child, resulting in permanent injury to his leg. The court found that the owner *233 of the dog was strictly liable under section 767.01,[1] stating:
Section 767.01 is a strict liability statute which has consistently been construed to virtually make an owner the insurer of the dog's conduct. Donner v. Arkwright-Boston Manufacturers Mutual Insurance Co., 358 So.2d 21, 23 (Fla. 1978). The cardinal rule of statutory construction is that plain and unambiguous language in a statute needs no construction and creates the obvious duty to enforce the law according to its terms. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, 694-5 (1918).
... .
Thus, it also cannot be said that liability is only appropriate when the animal actually touches the plaintiff, for animals and people can cause injuries in a variety of ways without actually touching the injured party. Nor is there room in this strict liability statute for the avoidance of liability on the ground that the plaintiff or the owner or some third party also contributed to the injury.
Id. at 1156-57.
The trial court granted summary judgment, apparently relying on Jones; but the issue here is not whether the dog owner is liable, but whether the dog owner is entitled to contribution. Jones states that an owner cannot avoid liability on the ground that a third party also contributed to the injury. Appellant is not attempting to avoid liability, rather he is seeking contribution. One would not be entitled to contribution unless he or she were ultimately held liable.
Florida has adopted the Uniform Contribution Among Tortfeasors Act (UCATFA), section 768.31, Florida Statutes (1983), which provides in pertinent part:
(2) Right to contribution, 
(a) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.[2]
(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability.[3]
*234 Farmers Insurance Exchange v. Village of Hewitt, 274 Minn. 246, 143 N.W.2d 230 (1966), is a case cited in Florida Farm Bureau Casualty Company v. Batton, 444 So.2d 1128 (Fla. 4th DCA 1984), for the proposition that so long as the parties have a common liability to the injured person it is no bar to contribution that liability of the parties rests on different grounds. In Farmer's Insurance Exchange, the Minnesota (a non-UCATFA state) supreme court held that even though the liability of one party rested on common-law negligence and the liability of another party rested on the Civil Damage Act (serving alcohol to an intoxicated person), contribution was available:
Contribution rests on common liability, not on joint negligence or joint tort. Common liability exists when two or more actors are liable to an injured party for the same damages, even though their liability may rest on different grounds. Thus it has been held that liability based on F.E.L.A. and liability based on our Wrongful Death Act, even though created by different statutes, may give rise to common liability where a third party is injured by the concurrent violation of both statutes. Zontelli Brothers v. Northern P. Ry. Co. (8 Cir.), 263 F.2d 194, 199. The court there said:
"* * * The thing that gives rise to liability * * * is that both parties were subject originally to a common liability, and one has taken more than his just share of the money burden. * * *
* * * * * *
"* * * There being common liability, the widow, through proper statutory representatives, had a cause of action against both of the contesting parties herein, and her failure to assert formal claim against one did not destroy the right of the other who made full payment to recover by way of contribution."
Again, in Chicago, R.I. & P.R. Co. v. Chicago & N.W. Ry. Co., 280 F.2d 110, 114, the Federal court of the Eighth Circuit had occasion to consider the right to contribution between the two railroads, each of which had violated a different *235 statutory provision for the protection of workmen. The court there said:
"* * * Both actions [for indemnity and contribution] are premised on a finding that two or more parties have been guilty of actionable wrong thereby bringing injury or damage to some third person. * * *
* * * * * *
"* * * The essence of the action for contribution is common liability to the injured person, not liability for common negligence, or similar negligence, or like negligence. Simply stated, common liability means that each party, by reason of his wrongful act, is made legally liable to respond in damages to the injured party. Absent such liability on the part of the person from whom indemnity or contribution is sought, how can it be said, in evoking the equitable remedy, that the one seeking relief has borne an unfair share of the loss for which all are liable?"
There is nothing in section 768.31, Florida Statutes (1983), specifically prohibiting or permitting contribution in such a case. We can think of no policy reason for denying it; and appellee provided us with none. Appellant would still be liable to Mr. Guest for the full amount of the judgment. As to the quote in Jones that section 767.01 "virtually make[s] an owner the insurer of a dog's conduct," even an insurer is entitled to contribution under the Act.[4]
Peterson v. Tolstow, 184 N.J. Super. 84, 445 A.2d 84 (1982), involves a fact pattern similar to the present case (New Jersey has adopted a version of the UCATFA). The dog's owners were found statutorily liable under a "Dog Bite" statute and the victim's grandparents were found liable for negligent supervision. The grandparents argued on appeal that since the dog's owners had been found liable pursuant to the dog bite statute which supposedly imposed absolute liability upon the owners, this evidenced the Legislature's intent that those found liable under the statute be solely responsible for all damages recovered. The appellate court affirmed the trial court's allowance of contribution, stating:
Further, even if one assumes that N.J.S.A. 4:19-16 imposes absolute liability upon the Tolstows, this does not automatically render them solely responsible for plaintiffs' damages. Among the issues presented in Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 32 N.J. 55, 159 A.2d 97 (1960), was whether a statutory wrongdoer could recover contribution from another tortfeasor pursuant to the Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq. The answer was yes. 32 N.J. at 79, 159 A.2d 97. A similar result was reached in Tormo v. Yormark, 398 F. Supp. 1159, 1180 (D.N.J. 1975). Thus, one who is statutorily liable may nonetheless recover contribution from another tortfeasor. An analogous result was reached in Cartel Capital Corp. v. Fireco of N.J., 81 N.J. 548 at 567, 410 A.2d 674 (1980). A defendant manufacturer which was strictly liable in tort was permitted to recover contribution from a defendant seller whose negligent servicing was a proximate and concurrent cause of plaintiff's damages.
Id. at 87, 445 A.2d 84.
In product liability cases, other jurisdictions which have adopted the UCATFA have reached similar results. Aalco Manufacturing Company v. City of Espanola, 95 N.M. 66, 618 P.2d 1230 (1980) (strictly liable volleyball equipment manufacturer entitled to contribution from city found to have acted negligently in same occurrence); see also Ladwig v. Ermanco Incorporated, *236 504 F. Supp. 1229, 1237, 1239 (E.D.Wis. 1981).
WALDEN, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.
NOTES
[1] Section 767.01, Florida Statutes (1983), states:

767.01 Owners responsible
Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons.
[2] The fact that Strassel was not made a party defendant in the suit does not prevent appellant from suing him as a third-party defendant for contribution. New Hampshire Insurance Company v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977).
[3] Appellee cites Ford Motor Co. v. Hill, 381 So.2d 249 (Fla. 4th DCA 1979), affirmed, 404 So.2d 1049 (Fla. 1981), and claims that it is supportive of his position. Hill held that a strictly liable automobile manufacturer did not have a third-party cause of action for non-contractual common law indemnity against the driver of the truck involved and the driver's employer, citing Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 492 (Fla. 1979), which stated:

The issue before us is whether a manufacturer of a defective product that contributes to an on-the-job injury of a workman may seek common law indemnity from the employer of the injured workman. We conclude that, absent a special relationship between the manufacturer and the employer which would make the manufacturer only vicariously, constructively, derivatively, or technically liable for the wrongful acts of the employer, there is no right of indemnification on the part of the manufacturer against the employer. We hold that the trial court correctly entered summary judgment in favor of Houdaille on Florida Wire's third-party complaint for indemnification, and we quash the decision of the district court. [Footnote omitted.]
This court in Hill, took that language and held:
However Houdaille has cast aside this active/passive differentiation, holding instead that a third party complaint will lie where the liability if any is "solely vicarious, constructive, derivative or technical." We are not without difficulty in understanding the full extent of these quoted adjectives but we do not think a manufacturer's strict liability would be encompassed by them. The West [v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976)] case perceives a manufacturer's strict liability to be predicated upon a defect which is the proximate cause of the injuries. To us, while there may be no negligence involved, a defendant manufacturer's defective product, which proximately causes an injury, presupposes much more than mere vicarious liability.
Id. at 251.
This holding is really of little value because contribution and indemnity are two different concepts. Indemnity is common law right which inures to one who discharges a duty owed by him, but which as between himself and another should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought. Houdaille, 374 So.2d at 492-493. Contribution is statutory. It is a partial payment made by each or any jointly or severally liable tortfeasors who share a common liability to an injured party. Firestone Tire and Rubber Company v. Thompson Aircraft Tire, 353 So.2d 137, 139 (Fla. 3d DCA 1978).
In Florida Farm Bureau Casualty Company v. Batton, 444 So.2d 1128 (Fla. 4th DCA 1984), a subcontractor and the subcontractor's insurer, against whom damages were assessed in a negligence suit brought by an injured contractor, filed a third-party action for contribution against the state, alleging that the state was a joint tortfeasor. The trial court granted summary judgment in favor of the state on the ground that an indemnity agreement between the state and the contractor insulated the state from liability and contribution. This court reversed holding that the state was open to suit for contribution, since the indemnity agreement did not provide immunity from suit by a joint tortfeasor. In so holding this court stated:
The common law doctrine precluding contribution among joint tort-feasors was abrogated by the legislature's enactment of section 768.31, Florida Statutes (1975), the Uniform Contribution Among Tortfeasors Act. See Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975). So long as the parties have a common liability to the injured person it is no bar to contribution that liability of the parties rests on different grounds. Farmers Insurance Exchange v. Village of Hewitt, 274 Minn. 246, 143 N.W.2d 230 (1966); Armor Elevator Co. v. Elevator Sales & Service, Inc., 360 So.2d 1129 (Fla. 3d DCA 1978). But where one tort-feasor is immune from suit by the victim, the others cannot compel contribution because the alleged tort-feasors are not then jointly and severally liable. Armor Elevator Co., 360 So.2d at 1129.
While Batton is instructive, it is not dispositive of the present issue as Batton refers to different theories of negligence, not one party liable under a strict liability theory and another allegedly liable for negligence.
[4] Section 768.31(2)(e), Florida Statutes (1983), states:

A liability insurer who by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's pro rata share of the common liability. This provision does not limit or impair any right of subrogation arising from any other relationship.