212 N.J. Super. 522 (1986)
515 A.2d 822
CAROL BUDAI AND JOHN BUDAI, SR., PLAINTIFFS,
v.
JAMES TEAGUE AND LOIS ANN TEAGUE, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
Decided March 14, 1986.
*523 Richard H. Thiele, for plaintiffs (Thiele & Hermes, attorneys).
Paul A. Woodford, for defendants (O'Donnell, McCord, Leslie & O'Toole, attorneys).
ARNOLD, J.S.C.
The plaintiff, Carol Budai, brought this action seeking recovery for serious injuries sustained when she was bitten by the defendants' dog. Her husband, John Budai, sues per quod. They have brought a motion for summary judgment, which raises the novel issue as to whether the Comparative Negligence Act, N.J.S.A. 2A:15-5.1-5.3, is applicable when recovery is sought pursuant to the "dog-bite" statute, N.J.S.A. 4:19-16, and, if so, what burden of proof is imposed on a defendant.
The defendants, James and Lois Teague, had gone to the seashore for the weekend and Carol Budai had agreed to care for their dog while they were away. She went to the defendants' home with her husband to feed the dog which they found running loose in the defendants' back yard. Just as the dog was finishing his meal, Carol Budai noticed an irritation on the dog's ear. According to Lois Teague, Carol Budai told her that she touched the irritation and just as she did the dog attacked her.
The plaintiffs now seek an Order granting summary judgment on the issue of liability, reserving the issue of damages for trial. The parties agree that the so-called "dog-bite" statute, N.J.S.A. 4:19-16 is applicable because the defendants are the owners of the dog and the plaintiff was bitten by the dog while lawfully on the defendants' premises. However, the defendants take the position that the Comparative Negligence *524 Act, N.J.S.A. 2A:15-5.1-5.3, is also applicable thereby precluding summary judgment on the issue of liability. The plaintiffs assert that the Comparative Negligence Act is not applicable, but that even if it is, the defendants must prove that Carol Budai "unreasonably and voluntarily exposed herself to a known risk." Plaintiffs assert that at most, Carol Budai was merely negligent and that mere negligence does not constitute a defense to a strict liability action. For the purposes of this motion the plaintiffs press only their statutory claim, waiving any common law action they may possess.
In Foy v. Dayko, 82 N.J. Super. 8 (App.Div. 1964), cert. den. 41 N.J. 602 (1964), the Appellate Division noted that the Legislature did not intend to abolish the defense of contributory negligence in enacting the "dog-bite" statute, N.J.S.A. 4:19-16, which modified the common law rule by abolishing the requirement of knowledge of the dog's viciousness before recovery could be had. Rowland v. Wunderlick, 113 N.J.L. 223 (Sup.Ct. 1934). Subsequently, New Jersey adopted the Comparative Negligence Act, N.J.S.A. 2A:15-5.1-5.3. Decisions under the Comparative Negligence Act have held that in order for the Act to apply to strict liability causes, the plaintiff's conduct must rise to the level of an "unreasonable and voluntary exposure to a known risk." Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548 (1980). The "dog-bite" statute does not impose absolute liability, but rather strict liability subject to various conditions. Peterson v. Tolstow, 184 N.J. Super. 84, 88 (Law Div. 1982).
The most recent decision on this subject is DeRobertis v. Randazzo, 94 N.J. 144 (1983). In DeRobertis, the Supreme Court reviewed the three causes of action which might exist in a dog bite case: (1) common law negligence; (2) common law absolute liability; and (3) strict liability imposed by the "dog-bite" statute, N.J.S.A. 4:19-16. The DeRobertis decision largely concerns the relationship between the "dog-bite" statute and an infant trespasser so that it is not directly in point with the present case. However, in DeRobertis the Supreme Court *525 noted that under a theory of common law absolute liability, the conduct of the victim remains relevant to the determination of liability because the plaintiff is "obliged to prove that the dog was vicious and the owner knew it." Id. 94 N.J. at 153, 155. Indeed, in dealing with common law absolute liability the Court seemed to adopt the holding in Cartel Capital Corp. so as to make the Comparative Negligence Act applicable in an action seeking to impose absolute liability at common law. 94 N.J. at 156. In such an action, the defendant would have to prove that the plaintiff "unreasonably and voluntarily exposed herself to a known risk."
Admittedly, DeRobertis does not specifically address the issue whether the Comparative Negligence Act is applicable to strict liability causes under the "dog-bite" statute. However, such a ruling is entirely consistent in reconciling the case law cited infra. Accordingly, this Court holds that the Comparative Negligence Act, N.J.S.A. 2A:15-5.1-5.3, is applicable to statutory strict liability imposed by the "dog-bite" statute, N.J.S.A. 4:19-16. Therefore, the defendant has the burden to prove plaintiff's "unreasonable and voluntary exposure to a known risk." In light of the "dog-bite" statute, this must mean that plaintiff knew the dog had a propensity to bite either because of the dog's known viciousness or because of the plaintiff's deliberate acts intended to incite the animal. Such a ruling would preserve the intent of the statute in imposing liability while providing a defense against the plaintiff who torments a dog and then sues its owner. See Dranow v. Kolmar, 92 N.J.L. 114, 116-117 (Sup.Ct. 1918).
There is no evidence in this case that Carol Budai deliberately acted to incite the dog. Therefore, the plaintiffs urge that they are entitled to summary judgment under N.J.S.A. 4:19-16 because the defendants must prove that Carol Budai had actual knowledge that the dog would bite. Plaintiffs rely on the case of Green v. Sterling Extruder Corp., 95 N.J. 263 (1984), where the Supreme Court held that a factory worker's *526 conduct in attempting to remove a piece of plastic from a molding machine amounted to no more than ordinary carelessness which could not be used as a defense in his strict liability action against the machine's manufacturer.
In this case, viewing the evidence most favorably to the defendants, the only evidence that could conceivably demonstrate that Carol Budai knew that the dog had a propensity to bite is found in the testimony of the plaintiffs which indicates that they were apprehensive about the dog upon their arrival at the premises. On the other hand, the testimony of the defendant, Lois Teague, is that until the incident in question the dog had never bitten anyone in the seven years she had owned it. Furthermore, Lois Teague testified that Carol Budai had petted the dog on numerous visits to her home and was quite familiar with dogs as she owned one herself. Under these circumstances, it is impossible to conclude that Carol Budai's action in touching the dog was anything more than mere negligence. Because mere negligence does not constitute a defense in a strict liability action, the plaintiffs' motion for summary judgment is granted.