SCHWARTZ, Chief Judge
(dissenting).
The court’s conclusion that Dr. Fleisher’s contribution claim is barred because the Fund was not joined at an earlier stage of the litigation is directly contrary to section 768.31(4)(a),(c), Florida Statutes (1983),[1] which unequivocally authorizes just the post-judgment action asserted below. Johns-Manville Sales Corp. v. Zack Co., 374 So.2d 1150 (Fla. 3d DCA 1979); Mount Sinai Hospital of Greater Miami, Inc. v. Mora, 342 So.2d 1063, 1065 (Fla. 3d DCA 1977). The cases cited by the majority, e.g., New Hampshire Insurance Co. v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977), hold only that a third-party contribution claim may permissibly be asserted pre-judgment under Fla.R.Civ.P. 1.180, and themselves recognize that this is only an alternative to the separate action provided by section 768.31(4)(c). Nor is there any basis for applying a different rule to the Fund. Indeed, the holding of Taddiken v. Florida Patient’s Compensation Fund, 478 So.2d 1058 (Fla.1985), that the Fund is like any other tort-feasor which must be joined by the plaintiff within the limitations period after the accident demonstrates that the exact contrary is true. It is also very clear that “the fact that the statute of limitations has run against the original plaintiff’s action does not bar a suit for contribution since that cause of action does not arise until payment.” Showell Industries, Inc. v. Holmes County, 409 So.2d 78, 79 (Fla. 1st DCA 1982). Thus, the majority’s extension of the Taddiken-Mercy Hospital rule to a contribution claim is totally unsupportable.
As the majority correctly, if somewhat paradoxically, also indicates, there is no legislative contraindication of a contribution action against the Fund. Because there is no other discernible reason for denying such a claim, see generally Wallace v. Strassel, 479 So.2d 231 (Fla. 4th DCA 1985), and it is clear that the action below was timely asserted under section 768.31(4)(c), the order under review should be reversed.

. 768.31 Contribution among tortfeasors.—
(4) ENFORCEMENT.—
(a) Whether or not judgment has been entered in an action against two or more tort-feasors for the same injury or wrongful death, contribution may be enforced by separate action.
[[Image here]]
(c) If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by him to enforce contribution, must be commenced within 1 year after the judgment has become final by lapse of time for appeal or after appellate review.