**EASTERN REFRACTORIES COMPANY, INC., Plaintiff,**

v.

**FORTY EIGHT INSULATIONS, INC., Fibrex, Inc., Minnesota Mining and Manufacturing Company and Aycock, Inc., Defendants.**

No. 86 Civ. 1585 (WCC).

United States District Court, S.D. New York.

Aug. 5, 1987.

Parker Chapin Flattau & Klimpl, New York City (Martin G. Bunin, of counsel), Degonge, Garrity & Fitzpatrick, Bloomfield, N.J., for plaintiff.

McDermott, Will & Emery, Chicago, Ill. (James E. Betke, of counsel), MacCartney & MacCartney, Nyack, N.Y. (Harold MacCartney, of counsel), Burke and Smith Chartered, Chicago, Ill. (Ellen G. Robinson, of counsel), for defendant Fibrex, Inc.

Cowan, Liebowitz & Latman, P.C., New York City (Michael F. Maschio, Elliot M. Schachner, of counsel), for defendant Minnesota Min. and Mfg. Co.

Belair Klein Groman & Evans, New York City (Paul I. Klein, of counsel), for defendant Aycock, Inc.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

On April 13, 1987 this Court issued a decision in this action denying the motion to dismiss by defendant Minnesota Mining and Manufacturing Company ("3M"). Familiarity with that opinion and with the facts surrounding this case is presumed.

Following that decision, defendant Aycock, Inc. ("Aycock") moved to dismiss the amended complaint of plaintiff Eastern Refractories Company, Inc. ("ERCO") as against Aycock, or in the alternative, for summary judgment in favor of Aycock, or in the alternative, to transfer this action to a United States District Court in Florida. The claims asserted by ERCO against Aycock sound in (1) negligence; (2) contribution; and (3) indemnity. For the reasons outlined below, Aycock's motions are denied.

### ERCO's Negligence Claim

Aycock's motion to dismiss ERCO's negligence claim or, in the alternative, for summary judgment on that claim is based on Aycock's contention that it "did not install any insulation material at the Seminole plant" (Klein affidavit, par. 11) and "subcontracted this work to a non-party, Industrial and Associated Insulations, Inc." (*Id.*). "Inasmuch as the installation was performed by another," asserts Aycock, "any negligence would not be imputed to defendant Aycock, Inc." (*Id.*). Aycock further maintains, in the affidavit of its manager on the Seminole project, Gary McDermott, ("McDermott affidavit"), that, as a result

of the installation contract it entered into with Industrial and Associated Insulations, Inc. ("IAI"), (i) "all of the installation obligations were subcontracted to IAI" (McDermott affidavit, par. 6) and (ii) "Jesse N. Aycock, Inc., and its predecessor, their agents, servants and employees, were in no way involved in the installation work of the insulation in questions." (*Id.*, par. 7).

Plaintiff ERCO and defendant 3M have opposed Aycock's motion claiming that an issue of fact exists as to whether Aycock was involved in the installation of the insulation. Both ERCO and 3M maintain that they should be entitled to conduct discovery to determine Aycock's involvement.

Rule 56(f), Fed.R.Civ.P. provides that a court may refuse to grant summary judgment,

> should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In the present case, the affidavit of Michael F. Maschio of 3M and of David Feinzig of ERCO explain that 3M and ERCO have not been able to obtain any discovery from Aycock because Aycock did not appear in this action until it made the instant motion. Given these circumstances, it is appropriate to suspend Aycock's motion for summary judgment pending discovery by the other parties in the case.

### Negligence

■ A contractor such as Aycock can, in certain circumstances, be held liable for the torts of its subcontractor. Under Florida law, Aycock might be held liable for any negligence of IAI if (1) Aycock undertook, contractually or otherwise, to install the insulation, *Noack v. Watters,* 410 So.2d 1375, 1376 (Fla.App.1982); (2) Aycock had actual or constructive notice of any unsafe conditions caused by IAI, *Peairs v. Florida Publishing Company,* 132 So.2d 561 (Fla. DCA 4th 1961); (3) Aycock negligently supervised the activities of IAI in installing the insulation, *Crawford v. Florida Steel*

*Corp.,* 478 So.2d 855, 861 (Fla.App.1985); or (4) the installation was an inherently dangerous activity, *Fisherman's Paradise, Inc. v. Greenfield,* 417 So.2d 306, 307 (Fla. App.1982).

■ Contrary to Aycock's assertions, there is no privity requirement for negligence claims in Florida.

> One who may forseeably be injured by the negligent performance of a contractual duty has the right to maintain an action against the allegedly negligent performer even though he is not in privity with that performer.

*Gallichio v. Corporate Group Service, Inc.,* 227 So.2d 519, 521 (Fla. 3d DCA 1969); *see also Navajo Circle, Inc. v. Development Concepts Corp.,* 373 So.2d 689, 691 (Fla.2d DCA 1979); *Whitehead v. Rizon East Association,* 425 So.2d 627, 630 (Fla. 4th DCA 1983). Thus, the fact that Aycock was not in privity of contract with ERCO is not a bar to ERCO's negligence claim.

■ In light of the fact that Aycock may be liable under a negligence theory, it is not appropriate to grant summary judgment in its favor before ERCO has the opportunity to conduct discovery and ascertain whether Aycock is liable in any way for the alleged negligent installation.

### Contribution

■ ERCO seeks contribution from defendants, including Aycock, since they allegedly caused or contributed to the losses which ERCO sustained. Aycock argues that it does not have "common liability" and cannot be liable for contribution because it was not alleged to have acted jointly or in concert with ERCO. Aycock ignores, however, both the plain words of the Uniform Contribution Among Tortfeasors Act and the most recent pronouncements regarding contribution between tortfeasors.

> Section 768.31 of the Florida Statute provides:
>
> Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though

judgment has not been recovered against all or any of them.

Florida case law establishes that the independent acts of two or more actors, which supplement one another in producing a single injury, result in the liability of each tortfeasor being "joint and several," even though there is no common duty, common design, or concerted action. *Wallace v. Strassel,* 479 So.2d 231, 234 (Fla. 4th DCA 1985).

In *Wallace v. Strassel, supra,* the court cited with approval the following language from *Chicago, R.I. & P.R. Co. v. Chicago & N.W. Ry. Co.,* 280 F.2d 110, 115 (8th Cir.1960), *cert. denied,* 364 U.S. 931, 81 S.Ct. 378, 5 L.Ed.2d 364 (1961):

> The essence of the action for contribution is *common liability* to the injured person, *not* liability for *common negligence,* or *similar negligence,* or *like negligence.* Simply stated, common liability means that each party, by reason of his wrongful act, is made legally liable to respond in damages to the injured party (emphasis in original). *Id.*

In keeping with these principles, Florida courts have repeatedly permitted contribution in factual situations where the party seeking contribution and the party from whom contribution is sought breached duties separate in both time and substance, but contributing to a single injury to the plaintiff. Thus, in *Sol Walker & Co. v. Seaboard Coast Line Railroad Co.,* 362 So.2d 45 (Fla.App. 2nd Dist.1978), a judgment for contribution was upheld where one tortfeasor's negligence related to the improper loading of a railroad car and the other tortfeasor's negligence related to a faulty inspection of the car. *Id.* 362 So.2d at 48. Similarly, in *Florida Farm Bureau Casualty Co. v. Batton,* 444 So.2d 1128 (Fla.App. 4th Dist.1984), the State of Florida was held open to contribution for negligently failing to provide a warning or require a screen guard on an exhaust fan, while the party seeking contribution had negligently wired the fan.

Aycock cannot deny that ERCO has clearly alleged that Aycock was negligent and that such negligence directly contributed to the losses sustained.

### Indemnity

■ ERCO's amended complaint sufficiently states a common law indemnity claim against Aycock under the law of Florida. In determining whether or not a party is entitled to indemnification, Florida courts apply the "passive negligence—active negligence," "secondary liability—primary liability" and "fault—no fault" distinctions. It has been held that the mere failure to discover an unsafe or dangerous condition created by a joint tortfeasor constitutes passive negligence and does not bar indemnity against the tortfeasor whose active or primary negligence created the dangerous condition. *Florida Power Corporation v. Taylor,* 332 So.2d 687, 690 (Fla.Dist.Ct.App.1976). Clearly, ultimate proof as to these matters must await the trial.

### Venue

■ Aycock's contention that venue in this district is improper is meritless. Both ERCO and Aycock are licensed to do business in New York. Title 28 U.S.C. § 1391 provides:

> A corporation may be sued in any judicial district in which it is ... licensed to do business ... and such judicial district shall be regarded as the residence of such corporation for venue purposes.

While Aycock concedes that it is subject to venue in this district, Aycock contends that since one of its co-defendants, Fibrex, may not be subject to venue in this district, Aycock has the right to seek dismissal on these grounds. The law is well-settled, however, that "one defendant cannot object because venue is improper as to another defendant." 1 *Moore's Federal Practice,* ¶ 0.146[6] at 1670–71 (2d Ed.1986); *see also Camp v. Gress,* 250 U.S. 308, 316, 39 S.Ct. 478, 481, 63 L.Ed. 997 (1919); *Anrig v. Ringsby United,* 603 F.2d 1319, 1324 (9th Cir.1978).

Accordingly, Aycock's motion to dismiss on the ground that venue is improper is denied.

### Transfer Pursuant to Section 1404

Aycock has moved to have this action transferred to federal court in Florida. Title 28 U.S.C. Section 1404(a) provides that:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A plaintiff's choice of forum is entitled to great weight and will not be disturbed except upon a clear-cut showing that convenience and justice for all parties demands that the litigation proceed elsewhere. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The factors to be considered include (1) the convenience to the parties; (2) the convenience to witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of witnesses; and (5) the interests of justice.

In this action, plaintiff's principal place of business is in Massachusetts. They have chosen this forum for their action. ERCO maintains that documents and records relevant to this action are located at ERCO's office in Massachusetts. ERCO believes that its employee-witnesses at the trial of this action against Aycock will be David Feinzig, ERCO's president, and I. Wesley Watson, ERCO's vice president of insulation sales. Additionally, ERCO may call Cliff Hahn, a project engineer employed by ERCO who is presently retired. Feinzig, Watson and Hahn all reside in Massachusetts.

Pursuant to the assignment agreement entered into on February 5, 1986 between BBC and ERCO, by which BBC agreed to assist ERCO in the prosecution of this action, ERCO will obtain relevant documents from BBC and obtain testimony from BBC employees. ERCO has represented that these documents and employees are located in New Jersey.

Further, defendant 3M has submitted a brief opposing the transfer. 3M maintains that much of the critical evidence in this case will involve the flammability and other physical characteristics of the adhesive that was allegedly manufactured by 3M. The 3M employees who have knowledge of these matters, and the relevant documents and other physical evidence concerning these matters are located in Minnesota, 3M's principal place of business. Since New York is closer to Minnesota than is Florida, New York would be a more convenient forum for 3M than Florida.

In light of these facts, it is clear that Aycock has not met its burden of proving that "convenience and justice for all parties demands that the litigation proceed elsewhere." *United States Barite Corporation v. M.V. Harris*, 534 F.Supp. 328, 330–31 (S.D.N.Y.1980). For this reason, Aycock's motion to transfer is denied.

*Conclusion*

For the reasons outlined above, Aycock's motions to dismiss, for summary judgment and to transfer are denied.

So ordered.